130 N.J. Super. 127 (1974)
325 A.2d 831
ANNA E. RICHARDS ET AL., PLAINTIFF-APPELLANT,
v.
THE UNION BUILDING AND CONSTRUCTION CORP. ET AL., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1974.
Decided September 30, 1974.
*128 Before Judges COLLESTER, LORA and HANDLER.
*129 Mr. Seymour R. Kleinberg argued the cause for appellant.
Mr. Peter A. Piro argued the cause for respondent (Messrs. Haskins, Robottom & Hack, attorneys).
PER CURIAM.
The trial judge determined that plaintiff Richards' negligence action against defendant Union Building and Construction Corporation was precluded by N.J.S.A. 2A:14-1.1. Plaintiff appeals from the grant of summary judgment to defendant.
The pertinent part of the cited statute reads:
No action * * * in tort, * * * to recover damages * * * for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing * * * construction of such improvement to real property, more than 10 years after * * * construction.
There is no genuine dispute as to the material facts. Plaintiff's husband had a fatal automobile accident on December 22, 1970. She filed her complaint against defendant on December 12, 1972. A September 19, 1956 contract required defendant to widen the portion of the highway where the accident occurred. Defendant completed this work on August 20, 1957 and the Department of Transportation accepted it on October 21, 1957. Later, under a different contract, defendant performed work on another portion of the highway. It completed this work on December 6, 1960 and the Department of Transportation accepted it on January 25, 1961.
The Department of Transportation accepted defendant's work on the portion of the highway where the accident occurred more than ten years before the accident. Defendant's work on other portions of the highway was accepted less than ten years before the accident occurred but still more than ten years before plaintiff's complaint was filed.
It is settled that road construction is an improvement to real property within the meaning of N.J.S.A. *130 2A:14-1.1. Rosenberg v. North Bergen, 61 N.J. 190, 198 (1972). We are of the view that a contractor who performed work on a portion of a highway accepted more than ten years before the occurrence of an accident thereon is not liable for injury resulting from its negligence in performing the work simply because sometime within ten years of the accident it performed work on a different portion of the same highway.
In any event, a cause of action does not arise if the complaint is not actually filed within ten years of completion and acceptance of the work. The statute provides: "No action * * * shall be brought * * * more than 10 years after * * * construction." Thus, under N.J.S.A. 2A:14-1.1 the date of the accident is not critical. The operative time is that of the filing of the complaint. Since plaintiff did not file her complaint until more than ten years after the acceptance by the Department of Transportation of the last work performed by defendant on any portion of the highway, there was no sustainable cause of action. Summary judgment in favor of the defendant was properly granted.
Affirmed.