Kenneth Keeler, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Richardson Gordon and Associates and James D. Morrisey, Inc., Appellees.

Argued October 10, 1980, before Judges Blatt, Craig and Williams, Jr., sitting as a panel of three.

*Gerald J. Haas,* for appellant.

*Ellen Q. Suria,* with her *Jay J. Lambert, Duane, Morris & Heckscher,* for appellee, Richardson Gordon and Associates.

*Dudley Hughes, Detweiler, Hughes & Kokonos,* for appellee, James D. Morrisey, Inc.

OPINION BY JUDGE BLATT, January 22, 1981:

The appellant, Kenneth Keeler, appeals from an order of the Court of Common Pleas of Montgomery County which dismissed his suit in trespass against two of the three defendants named therein.

The appellant alleged below that he sustained personal injuries and property damage on November 11, 1975, in a motor vehicle accident on State Highway Route 309 in Montgomery County as a result of the negligent design and construction of the highway's guardrails, lights, signs and directional signals. He instituted suit on November 3, 1977, against the Commonwealth of Pennsylvania, Department of Transportation; Richardson, Gordon and Associates (Richardson) which was the consulting engineer for the road construction; and James D. Morrisey, Inc. (Morrisey), the construction contractor for the highway.

Richardson and Morrisey moved for a summary judgment contending that, because the highway in question had been completed on October 29, 1958, the action was barred against them because of the time

limitations of Section 1 of the Act of December 22, 1965, P.L. 1183 (Act), *formerly* 12 P.S. §65.1, repealed by the Act of April 28, 1978, P.L. 202 (a similar provision now being found in Section 5536 of the Judicial Code, 42 Pa. C. S. §5536). The Act establishes a 12-year statute of limitation for certain disputes arising out of improvements to real property and states in pertinent part:

No action (including arbitration proceedings) whether in contract, in tort or otherwise, to recover damages:

(1) For any deficiency in the design, planning, supervision or observation of construction or construction of an *improvement to real property,*

(2) For injury to property, real or personal, arising out of any such deficiency,

(3) For injury to the person or for wrongful death arising out of any such deficiency, or

(4) For contribution or indemnity for damages sustained on account of any injury mentioned in clauses (2) and (3) hereof, shall be brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of such improvement more than twelve years after completion of such an improvement. (Emphasis added.)

The court below granted Richardson's and Morrisey's motions for summary judgment and this appeal followed, the appellant contending that guardrails, roadsigns, highway illumination lights and directional signals are personal property rather than fixtures, and as such, they are not "improvements to real property" for the purposes of the Act.

The legislature did not define the term "improvements to real property" in this statute and the courts

of this Commonwealth have never held that this term includes only fixtures. We note, however, that while a fixture is, by definition, an improvement to real property, the converse is not true; an improvement to real property, in the ordinary sense of the term, need not be a fixture. *See generally, Clothier, The Law of Fixtures in Pennsylvania,* 32 Pa. B. Q. 66 (1960). Thus, in the absence of other indicia of legislative intent, and in the light of the statutory presumption favoring the liberal construction of statutes,[1] we presume that a narrow definition of the term so as to include only fixtures was not intended.

Having concluded that a road improvement need not be a fixture to fall within the term "improvement to real property," we believe that the road improvements in question here are improvements to real property. It is a fundamental principle of law that highways are real property, *Coward v. Llewellyn,* 209 Pa. 582, 58 A. 1066 (1904), and guardrails, signs and lights, by the nature of their physical and permanent attachment to the highway fall within the term "improvements to real property." *See Richards v. Union Building and Construction Corp.,* 130 N. J. Super. 127, 325 A.2d 831 (1974).

The appellant also makes the procedural argument that a determination of what is an "improvement to real property" is a question of fact which cannot ordinarily be resolved in a summary judgment under Pa. R.C.P. No. 1035. *See, e.g., Laspino v. Rizzo,* 40 Pa. Commonwealth Ct. 625, 398 A.2d 1069 (1979). While a determination that an article of property is an "improvement to real property" involves factual considerations, we believe that the improvements in question so clearly fall within the reach of the Act that

---

[1] Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(c).

240

there exists no "genuine issue of fact" to preclude a summary judgment under Pa. R.C.P. No. 1035. *See Rosenberg v. Town of North Bergen,* 61 N. J. 190, 293 A.2d 662 (1972); *Richards v. Union Building and Construction Corp., supra.*

ORDER

AND Now, this 22nd day of January, 1981, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.