489 A.2d 262

**Daniel CATANZARO and Fox Chapel School District, a Municipal Corporation,**

v.

**WASCO PRODUCTS, INC., a Corporation**

v.

**AMERICAN CYANAMID COMPANY.**

**Appeal of, Daniel CATANZARO.**

Superior Court of Pennsylvania.

Argued Dec. 19, 1984.

Filed March 8, 1985.

482

Theodore Goldberg, Pittsburgh, for appellant.

Terry L.M. Bashline, Pittsburgh, for Wasco, appellee.

Eric P. Reif, Pittsburgh, for American Cyanamid, appellee.

Before ROWLEY, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting summary judgment in a personal injury action. The lower court held that appellant's personal injury claim was barred by 42 Pa.C.S. Sec. 5536, a twelve year statute of repose relating to real estate construction. Appellant contests the applicability of this statute to his claim.

The facts of this case may be quickly summarized. On or about June 30, 1980, appellant, Daniel Catanzaro, was injured when he fell through an acrylic skylight/skydome located on the roof of Fox Chapel High School. At the time of the accident, appellant was employed by the school as a laborer. Appellant filed suit against appellee, Wasco Products, Inc., alleging, inter alia, that (1) Wasco had manufactured and sold the skydome; and (2) the skydome was defectively designed and improperly constructed. On December 15, 1981, Wasco joined American Cyanamid Company as an additional defendant.[1] Both Wasco and American

1. Wasco alleged, inter alia, that American Cyanamid, rather than Wasco, had manufactured the skydome involved in appellant's alleged accident and that the skydome had been defectively designed and constructed by American Cyanamid.

Cyanamid filed motions for summary judgment based primarily on 42 Pa.C.S. Sec. 5536. The lower court granted these motions and this appeal followed.

The statute at issue in this case is 42 Pa.C.S. Sec. 5536.[2] This act disallows any action seeking recovery for personal injuries arising out of an alleged deficiency in design, planning or construction of an improvement to real property brought more than 12 years after completion of the improvement. In *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. 476, 434 A.2d 1243 (1981), this Court characterized Sec. 5536 as not merely a statute of limitations, but instead as a statute of repose which effectively abolishes any cause of action which might have existed against a person within the purview of the act.

The threshold question in determining the applicability of Sec. 5536 is whether the action arises from alleged deficiencies in an "improvement to real property." The legislature did not define "improvement to real property" in the act and case law has yet to adopt a general definition of the term. However, Pennsylvania courts, in keeping with the statutory presumption favoring liberal construction of stat-

American Cyanamid responded to Wasco's complaint on February 12, 1982. In its answer, American Cyanamid stated that, after reasonable investigation, it was without knowledge or information sufficient to form a belief as to the whether it had manufactured the skydome which was installed on the roof of Fox Chapel High School.

2. 42 Pa.C.S. Sec. 5536 (Purdon's 1982) provides in pertinent part:
Section 5536. Construction projects
(a) General Rule.... (A) civil action ... brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
(1) any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

   .    .    .    .    .
(3) Injury to the person ... arising out of any such deficiency.
(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph ... (3).

utes,[3] have construed the term broadly thereby maximizing the coverage of the statute. *See e.g. Keeler v. Commonwealth Department of Transportation,* 56 Pa.Cmwlth. 236, 239, 424 A.2d 614, 616 (1981). (Highway guard rails, lights, signs and directional signals constitute improvements to real property); *Mitchell v. United Elevator Co., Inc., supra.* (Elevator is an improvement to real property.) Furthermore, Pennsylvania courts agree that fixtures[4] are included within the category of "improvements to real property." For example, in *Keeler, supra,* the Commonwealth Court concluded that "a fixture is by definition, an improvement to real property." 56 Pa.Cmwlth. at 239, 424 A.2d at 616.

█ No Pennsylvania decision directly addresses the issue of whether a skydome/skylight is a fixture. However, analogous authority strongly suggests that a skydome should be considered a fixture. For example, windows have historically been held to be fixtures. 35 Am.Jur.2d *Fixtures* Sec. 93 (1967); Kratovil, *Fixtures and the Real Estate Mortgagee,* 97 U.Pa.L.Rev. 180, 186 (1948). In function and appearance, a skydome or skylight is virtually identical to a window.[5] Moreover, a skydome, like a window, is physically annexed to a building and made a part thereof. Therefore, we do not hesitate in holding that a skydome is a fixture and as such, is an "improvement to real property" within the meaning of 42 Pa.C.S. Sec. 5536.

**3.** Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa.C.S. Sec. 1928(c) (Purdon's 1980).

**4.** Pennsylvania courts have traditionally defined a fixture as an article of personal property which by reason of physical annexation to a building becomes in legal contemplation a part of the real estate. *See* 16 P.L.E. Fixtures Section 1 (1959 and Supp.1982).

**5.** In addition, the definition of a skylight is framed in terms of a window. *Funk and Wagnell's Standard Encyclopedic Dictionary,* 1972, page 630, defines skylight as "A window in a roof or ceiling admitting daylight from above." *Webster's New Ideal Dictionary,* 1978, page 496, defines skylight as a "window or group of windows in a roof or ceiling." Finally, the *Illustrated Heritage Dictionary and Information Book* (unabridged), 1977, page 1214, defines skylight as "An overhead window admitting light."

The gravamen of appellant's argument is that Sec. 5536 does not shield appellees because they are mere manufacturers of a product. Appellant contends that the statute's application is restricted to persons who not only design or construct real property improvements, but who also "customize" the improvement to the real estate and assist in its installation. We do not agree.

The statute applies to civil actions brought against "any person lawfully performing or furnishing the design, planning, supervision, or observation of construction, or construction of any improvement to real property." In *Leach v. Philadelphia Savings Fund Society*, 234 Pa.Super. 486, 340 A.2d 491 (1975), this Court held that the statute should be construed liberally to include all persons engaged in the statutorily listed activities.

> The Pennsylvania statute identifies its class not by the status or occupation of its members but rather by the contribution or acts done in relation to the improvements to the real property. Thus, the statute immunizes from liability after 12 years "any" person lawfully performing or furnishing such activities. The word "any" is generally used in the sense of "all" or "every" and its meaning is most comprehensive.

234 Pa.Super. at 490–491, 340 A.2d at 493.

*Leach* clearly establishes that any civil defendant who performed one of the activities listed in the act can use the twelve year limitations period as a defense. Furthermore, following the decision in *Leach*, the act's protection was judicially extended to include defendant manufacturers who had designed, planned or constructed improvements to real property. *Mitchell v. United Elevator Co., Inc., supra* [6] (elevator manufacturer immunized from liability by virtue of Sec. 5536).

6. *See also Stellute v. Realty Operating Company*, 131 P.L.J. 162 (C.P. Allegheny 1982) (revolving door manufacturer entitled to summary judgment based on act); *Fromm v. Frankhouser*, 7 D & C3d 560 (C.P. Lancaster 1977) (furnace manufacturer entitled to summary judgment based on act).

Despite this Court's holding that the act applies to "any" person engaged in one of the statutorily enumerated activities and despite decisions holding that manufacturers of real property improvements fall within the act, appellant argues for a more restrictive reading of the statutory language. Appellant maintains that the correct test is whether the supplier of the product had to customize the product to the real estate and had to assist in its installation.

Appellant cites no authority for such a restrictive reading of the statute. In fact, this Court in *Mitchell* rejected an interpretation of Sec. 5536 very similar to that espoused by appellant. In *Mitchell*, the trial court held that an elevator manufacturer was not protected by the act, because construction of an elevator was "like supplying a ready made item that was merely incorporated into the building." 290 Pa.Super. at 488, 434 A.2d at 1249. This Court rejected that narrow view of the act's scope and stated that "the fact that the basic design of the elevator may be identical in different buildings does not render the elevator any less an improvement to real estate." 290 Pa.Super. at 488, 434 A.2d at 1249.

■ Appellant's argument advocating a restrictive reading of the act's coverage is not supported by either the statutory language or the case law. This Court concludes that the appellees, as alleged manufacturers of the skydome, necessarily planned, designed and built the skydome, and are, therefore, persons within the class afforded protection by the act.

Thus far this Court has decided that (1) a skydome is an improvement to real property within the meaning of Sec. 5536; and (2) that appellees are protected defendants under the act. The only question remaining is whether the lower court properly granted summary judgment in favor of appellees.

■ Rule 1035(b) of the Pennsylvania Rules of Civil Procedure states that a court shall enter summary judgment "if the pleadings, depositions, answers to interrogatories

and admissions on file, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In the instant case, the skydome involved in the accident was part of the roof erected during the construction of the high school. The high school's answers to interrogatories reveal that the construction was completed in 1961 and that the skydomes were installed in that year. The twelve year statutory period, therefore, began to run in 1961 and expired in 1973.[7] Since appellant's personal injury claim was not filed until July of 1981, we hold that the claims against appellees are time barred and that the lower court properly granted appellees' motions for summary judgment.

Accordingly, the judgment of the lower court is affirmed.

Judgment affirmed.

7. In *Patraka v. Armco Steel Co.*, 495 F.Supp. 1013 (M.D.Pa.1980), a federal district court applying Pennsylvania law was asked to decide when the repose period set forth in the act begins to run. The court reasoned that by employing the phrase "after completion of the construction of such improvement", the General Assembly meant to mark the commencement of the repose period at the point when third parties are first exposed to defects in design, planning, or construction. The Court, therefore, held that the twelve year period begins when the entire construction project is so far completed that it can be used by the general public.