562 A.2d 830

**Samuel FEINGOLD and Sylvia Feingold, Appellants,**

v.

**WIN–VENT, INC., and Charles G. Noska
Company, Inc., Appellees,**

v.

**YELLOW FREIGHT SYSTEMS, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1989.

Filed June 28, 1989.

Reargument Denied Aug. 25, 1989.

Allen L. Feingold, Philadelphia, for appellants.

Richard L. Strouse, Philadelphia, for Win–Vent, appellee.

Janet W. Mason, Philadelphia, for Yellow Freight, appellee.

Before WIEAND, MELINSON and HOFFMAN, JJ.

MELINSON, Judge:

This is an appeal from the Order of the Court of Common Pleas of Philadelphia County granting the motion for judgment on the pleadings filed by Win–Vent, Inc., the appellee at bar. We affirm.

Samuel and Sylvia Feingold, the appellants at bar, entered into an agreement for the purchase from and installation of windows and frames by Charles Noska, who was acting as an agent for Win–Vent. The Feingolds claim that Yellow Freight delivered the windows in June or July of 1981 in a damaged condition. The Feingolds did not accept delivery of the windows. A repaired shipment of windows was delivered by Yellow Freight in September or October of 1981. Again, the Feingolds did not accept delivery of this shipment. The Feingolds filed a civil complaint for breach of contract against Noska and Win–Vent on September 22, 1986.[1]

Subsequently, Win–Vent brought a motion for judgment on the pleadings, contending that there were no issues of material fact because the Statute of Limitations and the Statute of Frauds barred the Feingolds' claim. Judge Nich-

---

1. Win–Vent subsequently filed suit against Yellow Freight as an additional defendant. This complaint sought contribution or indemnity from Yellow Freight in the event that Win–Vent was found liable on the Feingolds' cause of action. Because we affirm the Order of the trial court dismissing the Feingolds' action, it is unnecessary to address the issue of contribution or indemnity.

olas D'Alessandro agreed with Win–Vent that the Statute of Limitations had expired prior to the filing of the Feingolds' complaint; accordingly, on July 7, 1988, Judge D'Alessandro granted Win–Vent's motion for judgment on the pleadings. This appeal followed.

On appeal, the Feingolds set forth one issue for our review: whether the trial court erred when it dismissed the Feingolds' cause of action based upon the expiration of a four-year statute of limitations period. The Feingolds contend that a twelve-year statute of limitations period is applicable to this case because the windows at issue are not goods, as found by the trial court, but fixtures. Specifically, they contend that "the windows [sic] does not become a fixture only after it has been installed. A window becomes a fixture where there is an intent to install the window.... A window has no existence independent of its installation in a building or other structure." Brief for Appellant at 5.[2]

In the alternative, the Feingolds claim that a six-year statute of limitations period should be applied here because this case involved a written contract. Finally, the Feingolds claim that even if the four-year limitations period is applicable, their claim was timely filed. Here, the Feingolds allege that false and misleading representations by Win–Vent tolled the limitations period. The Feingolds' arguments are unpersuasive.

■ The Uniform Commercial Code [hereinafter "UCC"] has been adopted by the Commonwealth of Pennsylvania. *See* 13 Pa.Cons.Stat.Ann. Section 1101. The UCC applies to

---

**2.** We note that the "statement of the case" in the Feingolds' brief contains an imbalanced version of the facts of the case and a substantial amount of argument, case law, and legal conclusions. *See* Brief for Appellant at pp. 4–10. Rule 2117(b) of the Pennsylvania Rules of Appellate Procedure specifically prohibits this conduct: "The statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties." Even though appellants' counsel has repeatedly violated this rule in previous briefs to this court, we shall review the merits of his clients' claims. We do, however, once again admonish counsel to comply with the rules of this court.

all contracts for the sale of goods. *See* 13 Pa.Cons.Stat. Ann. Section 2102. The UCC defines "goods" as "all things (including specially manufactured goods) *which are movable at the time of identification to the contract for sale* other than the money in which the price is to be paid, investment securities ... and things in action." 13 Pa. Cons.Stat.Ann. Section 2105(a). As interpreted by this court, the term "goods" generally "has a very extensive meaning and embraces every species of property which is not real estate, choses in action, or investment securities or the like." *Duffee v. Judson,* 251 Pa.Super. 406, 412, 380 A.2d 843, 846 (1977).

In *Duffee,* the appellee delivered a mobile home to the appellants pursuant to an oral contract for sale. This court reasoned that because the home was delivered from the buyer to the seller after the contract for sale, it was clearly movable at the time of its identification to the contract. The court noted that the buyer had not bought a mobile home that was affixed to a foundation in a permanent way, but, instead, he bought the mobile home from a retail seller who was able to transport the home to the buyer. *Duffee,* 251 Pa.Super. at 412, 380 A.2d 843. Accordingly, the court held that the mobile home was a "good" under the UCC and that the UCC governed the transaction. *See also Frank B. Bozzo, Inc. v. Elec. Weld Div.,* 345 Pa.Super. 423, 498 A.2d 895 (1985) (The court held that steel mesh for use in road paving were goods under UCC); *Belmont Industries, Inc. v. Bechtel Corp.,* 425 F.Supp. 524 (E.D.Pa.1976).

Fixtures, on the other hand, are statutorily defined in Pennsylvania as the following: "Goods are 'fixtures' when they become so related to particular real estate that an interest in them arises under real estate law." 13 Pa.Cons. Stat.Ann. Section 9313. Recent Pennsylvania case law has defined a fixture as "an article of personal property *which by reason of physical annexation to a building* becomes in legal contemplation a part of the real estate." *Catanzaro v. Wasco Products, Inc.,* 339 Pa.Super. 481, 485 n. 4, 489 A.2d 262, 265 n. 4 (1985) (emphasis added); *see also* P.L.E. Fixtures Section 1 (1959 and Supp.1982).

In *Catanzaro,* a laborer at a high school sought to recover damages for injuries he sustained when he fell through a skydome at the school. The court held that the skydome, which had been installed in the roof of the building, was a fixture. In coming to its conclusion, the court analogized the skydome to a window, stating "windows have historically been held to be fixtures." *Catanzaro,* 339 Pa.Super. at 485, 489 A.2d 262. In support of this proposition, the *Catanzaro* court cited 35 Am.Jur.2d, Fixtures, Section 93 (1967). Section 93 specifically refers to windows which have already been installed in or attached to realty, not windows which have been purchased but not installed. Section 5 of the same authority, however states that windows do not acquire the status of a fixture until they have been attached or affixed to property. 35 Am.Jur.2d, Fixtures, Section 35 (1967). Accordingly, windows may be either goods or fixtures, depending upon whether they are movable objects not attached to real estate, or because by their physical annexation to real estate they have become, in legal contemplation, part of the real estate.

In the case at bar, the Feingolds contracted for windows to be installed in their home. Upon delivery of the windows, the Feingolds found the windows unacceptable and refused to receive them. A second delivery was then attempted. Again, the Feingolds did not accept delivery. The windows were never installed in the Feingolds' home. Thus, they never became fixtures. Furthermore, even though the windows were intended for permanent use on the Feingolds' home, they were movable at the time of their identification to the contract. Accordingly, we find that the windows were goods, not fixtures, and the UCC is applicable to the transaction at bar.

Under the UCC, the statute of limitations applicable to claims for breach of contract for the sale of goods is four years. 13 Pa.Cons.Stat.Ann. Section 2725(a). A cause of action accrues under the UCC when the breach occurs, regardless of the aggrieved party's lack of knowledge of breach. 13 Pa.Cons.Stat.Ann. Section 2725(b).

In the case at bar, the windows were delivered in June or July of 1981. They were not accepted by the Feingolds because they were allegedly defective. The second delivery, in September or October of 1981, was also refused because of alleged defects. Based on these facts, it is clear that the alleged breach occurred, at the very latest, in October of 1981. The Feingolds failed to file suit until September of 1986. Accordingly, they failed to institute their lawsuit within the prescribed four-year statutory period, and the trial court correctly held that their breach of contract claim was barred by the statute of limitations.

■ In the alternative, the Feingolds argue that their claim is based upon a written agreement. The Feingolds cite 42 Pa.Cons.Stat.Ann. Section 5527 to support their allegation that a cause of action based upon a writing has a six-year limitations period. The Feingolds note that in 1982 the limitations period for written contract actions was reduced to four years; however, they argue that the reduction in the limitations period is not applicable to their cause of action because their action accrued before the effective date of the statutory amendment. This argument is flawed.

The six-year statute of limitations provision cited by the Feingolds is inapplicable to this case. 42 Pa.Cons.Stat.Ann. Section 5527 states, in pertinent part:

The following actions and proceedings must be commenced within six years:

(2) An action upon a contract, obligation or other liability founded upon a bond, note or other instrument in writing, *except an action subject to another limitation specified in this subchapter* ....

(5) *Any civil action or proceeding which is neither subject to another limitation specified in this subchapter* nor excluded from the application of a period of limitation by section 5531 ...

42 Pa.Cons.Stat.Ann. Section 5527 (emphasis added).

Included in the subchapter which contains 42 Pa.Cons. Stat.Ann. Section 5527 is Pa.Cons.Stat.Ann. Section 5525.

Section 5525, in effect at the time that Section 5527 was promulgated, lists actions with a four-year statute of limitations period. Incorporated therein is "any action subject to 13 Pa.C.S. Section 2725 (relating to statute of limitations in contracts for sale)." Pa.Cons.Stat.Ann. Section 5525(2). As we have already noted, the contract at bar is a sale of goods that fits within Section 2725. Clearly, the six-year limitation provision that the Feingolds cite is, in fact, "subject to another limitation specified" in the subchapter pertaining to limitation periods. Accordingly, a six-year statute of limitations period is not applicable to the case at bar.

Finally, the Feingolds argue that if a four-year statute of limitations period is applicable, it was tolled by the representations of Win–Vent and Noska that a third shipment of windows would be delivered. The Feingolds, however, fail to note where in the record there is support for this claim. After a thorough review of the record, we are also unable to find any evidence in the record to substantiate this allegation. A bald assertion by counsel in an appellate brief, without support in the record, cannot uphold a claim on review. *See Commonwealth v. Nelson*, 311 Pa.Super. 1, 456 A.2d 1383 (1983).

Order affirmed.