## Giorgi Mushroom Co. v. Kurtz Precast Corporation

*James W. Bentz,* for plaintiff.
*Paul W. Grego,* for defendants.
*Stephen J. Gring,* for additional defendant.

SCHAEFFER, *P.J.,* July 18, 1991—This matter is plaintiff's appeal from our order of April 24, 1991, which granted defendants' motion for judgment on the pleadings. We begin this opinion with a discussion of the factual background behind the parties' dispute.

Plaintiff is Giorgi Mushroom Co. Defendants are Kurtz Precast Corporation, High Concrete Structures Inc., High Industries Inc. and Kurtz Precast Systems Inc. Defendants Kurtz Precast Corporation and Kurtz Precast Systems Inc. have been dissolved since the occurrence of those events which gave rise

to this cause of action.[1] The remaining defendants are successors-in-interest to defendant Kurtz Precast Corporation. In 1977, defendants High Industries Inc. and/or High Concrete Structures Inc. purchased the assets of Kurtz.[2] High Concrete Structures Inc. is a wholly-owned subsidiary of High Industries Inc.[3]

The basis of this action is that in or about 1972, plaintiff entered into a contract with Schlegel Builders Inc. under which Schlegel agreed to construct mushroom growing facilities for plaintiff. Plaintiff alleges that Schlegel Builders Inc. then entered into a contract with Kurtz, under which Kurtz was to manufacture, deliver, and erect all of the roof panels used in the construction of plaintiff's mushroom houses.[4]

Plaintiff contends that the construction of these mushroom houses was completed in 1972, and that in 1989 it then discovered that approximately 200 of the 432 roof panels delivered by Kurtz were defective. Plaintiff supposedly incurred substantial costs in the inspection, temporary repair and replacement of these roof panels.

On June 13, 1990, plaintiff filed a complaint against defendants which included counts of breach of warranty, negligence and strict liability, to recover compensation for damages caused by the defective roof panels. On August 27, 1990, plaintiff filed an amended complaint and on October 19, 1990, defendants filed an answer and new matter to

---

1. Answer and new matter to amended complaint, October 19, 1990, at paragraph 8.

2. *Ibid.,* at paragraph 8.

3. Amended complaint, August 27, 1990, at paragraph 10, and answer and new matter to amended complaint, at paragraph 10.

4. Amended complaint, August 27, 1990, at paragraph 14.

this pleading. Defendants also filed on October 19, 1990, a complaint to join additional defendant against the general contractor on the project, Schlegel Builders Inc.

On March 11, 1991, defendants filed a motion for judgment on the pleadings, and argued that the statute of repose under 42 Pa.C.S. §5536 abolished any cause of action that plaintiff may have had in this action. Having heard oral argument and reviewed the submitted briefs, defendants' motion for judgment on the pleadings was granted.

## DISCUSSION

The 12-year statute of repose under 42 Pa.C.S. §5536, which defendants argue applies to the case at bar to abolish plaintiff's action, states, as follows:

"(a) *General rule*—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision, or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

"(1) Any deficiency in the design, planning, supervision, or observation of construction or construction of the improvement.

"(2) Injury to property, real or personal, arising out of any such deficiency.

"(3) Injury to the person or for wrongful death arising out of any such deficiency.

"(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3)."

The instant appeal presents three issues for resolution: (1) whether the roof panels manufactured and

delivered by Kurtz are an "improvement to real property," as the term improvement is defined under 42 Pa.C.S. §5536; (2) whether defendant Kurtz is within the class of defendants protected by the statute of repose; and (3) whether the statute of repose applies to the breach of warranty and strict liability claims, as set forth in plaintiff's amended complaint.

The first and crucial issue in this action is whether the roof panels manufactured and delivered by Kurtz are improvements to real property under the statute of repose. Pennsylvania courts have interpreted the term *improvement* broadly and have maximized coverage of the statute. *Catanzaro v. Wasco Products Inc.,* 339 Pa. Super. 481, 489 A.2d 262 (1985). An improvement to real property has been defined in *Ferricks v. Ryan Homes Inc.,* 326 Pa. Super. 132, 578 A.2d 441 (1990), as follows:

"A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes."

Certainly Kurtz's roof panels fits the above definition of improvement to real property. Kurtz manufactured a product which was used to complete the roof section of plaintiff's mushroom houses. Therefore, Kurtz provided a product which both enhanced the utility of plaintiff's real estate and adapted it for a new purpose, as Kurtz's roof panels were used to make plaintiff's buildings into mushroom-growing facilities.

Plaintiff, however, argues that the roof panels are not improvements to real estate, as this case is factually similar to *Ferricks,* where the Superior Court reversed the lower court's entry of summary

judgment, and held that manufacturers of plywood used in the building of a home did not design or construct an improvement to real estate, and were not, therefore, entitled to the protection of the statute of repose. We disagree that a similar conclusion is appropriate in the case at bar.

The plaintiffs in *Ferricks* sued the general contractor and the manufacturers of plywood and plywood adhesive to recover for personal injuries and property damage allegedly suffered as a result of exposure to formaldehyde vapors from the building materials of their home. One reason behind the *Ferricks* decision is that plywood is a material with many uses and, therefore, could be used to build any number of items clearly unrelated to an improvement on real estate:

"[T]he plywood was simply a component of a greater whole which upon its creation had a multiplicity of purpose. Plywood has many uses, only some of which are consistent with the construction of improvements on real property. In addition to its uses in building structures, it could be used to build any number of items clearly unrelated to an improvement on real estate. Much like the cables of an elevator, the glass of a skydome and the individual wires of an electrical panel board, the panels of plywood are only parts of what may become a fixture. It is only the finished product with its singular purpose of being integrated into a structure which constitutes the fixture." *Ferricks, supra.*

The reasoning of the above paragraph illustrates the distinction between roof panels and plywood. The roof panels are not component parts of a fixture like the cables of an elevator or the glass of a skydome, but are instead more similar to the elevator or skydome itself. The roof panels, as in the case of elevators and skydomes, are finished products,

which are manufactured with the purpose of incorporation into an improvement to real estate. Indeed, Kurtz's roof panels were manufactured pursuant to a contract with plaintiff's general contractor under which Kurtz was to manufacture an item necessary to complete the roof section of plaintiff's mushroom houses. As these roof panels were manufactured with the singular purpose of incorporation into plaintiff's mushroom houses, we find that these roof panels are fixtures, and as such, are improvements to real property. *Catanzaro v. Wasco Products Inc.,* 339 Pa. Super. 481, 489 A.2d 262 (1985).

The second issue for consideration is whether defendant Kurtz is within the class of persons protected by the statute of repose. 42 Pa.C.S. §5536 applies to "any person lawfully performing or furnishing the design, . . . or construction of any improvement to real property." Under the allegations of plaintiff's own complaint, Kurtz manufactured, designed, and delivered the roof panels in this action.[5] By the terms of plaintiff's own pleading, then, defendants are protected by the statute of repose.

The final issue in this appeal is whether the statute of repose applies to the strict liability and breach of warranty claims, as alleged by plaintiff in its amended complaint. In plaintiff's concise statement of matters complained of on appeal, plaintiff argues that the statute of repose does not apply to its strict liability and breach of warranty claims. We have reviewed these causes of action under plaintiff's amended complaint, and conclude that plaintiff is seeking to recover monetary damages for the damage to its real property supposedly caused by Kurtz' defective roof panels. As such claim is covered by

---

5. Amended complaint, August 27, 1990, at paragraph 16.

42 Pa.C.S. §5536(a)(2), we find that plaintiff's argument lacks merit.

## CONCLUSION

A motion for judgment on the pleadings may be granted only where no facts are at issue and the law is so clear that trial would be a fruitless exercise. *Singer by Singer v. School District of Philadelphia,* 99 Pa. Commw. 553, 513 A.2d 1108 (1986). In the case at bar, the facts are not in dispute, as a review of the pleadings make clear that Kurtz designed, manufactured, and delivered an improvement to real property in the form of roof panels to plaintiff in 1972. Plaintiff commenced this action by writ of summons on January 3, 1990, which date was beyond the 12-year time period permitted under 42 Pa.C.S. §5536. We, accordingly, affirm our entry of judgment on the pleadings in defendants' favor.