**Loomis Global, Inc. v. Ollie's Bargain Outlet, Inc.**

*John E. Quinn*, for plaintiff
*James P. DeAngelo*, for defendants

PICCIONE, *J.*, May 13, 2013—Before the court for disposition are preliminary objections filed on behalf of the defendant, Ollie's Bargain Outlet, Inc. (hereinafter, "defendant") in response to an amended complaint filed by the plaintiff, Loomis Global, Inc. (hereinafter, "plaintiff").

The current action stems from an auction bid made by defendant with respect to merchandise auctioned by plaintiff at a consignment sale in Las Vegas, Nevada on July 30, 2011. At the consignment sale, defendant purchased 12,400 "Bike Club Junior" safety locks and 2,880 "Door Clubs" (hereinafter collectively referred to as "safety locks") from plaintiff. Plaintiff announced at the auction and prior to the sale that the successful bidder of the safety locks could not advertise or identify the safety locks as being manufactured and distributed by Winner International (hereinafter, "Winner") in subsequent sales of the safety locks. The safety locks were additionally labeled with a tag indicating "No Advertisement Permitted." Subsequent to defendant's successful purchase of the safety locks, defendant issued a printed advertisement, which indicated that it had over 15,000 safety locks for sale. The advertisement inferred that the safety locks were

purchased from Winner.

On December 13, 2011, Winner contacted plaintiff via e-mail to indicate that it would no longer offer its merchandise for sale at plaintiff's auctions because defendant advertised the safety locks as being manufactured by Winner and sold at plaintiff's auction. Plaintiff consequently initiated this current action by filing a complaint on October 8, 2012. Defendant responded by filing preliminary objections on October 29, 2012, and plaintiff filed an amended complaint on November 27, 2012. Defendant filed preliminary objections to the amended complaint, and the parties requested defendant's preliminary objections be decided on the arguments set forth in their briefs without oral argument. After considering the briefs filed on behalf of the respective parties, defendant's preliminary objections to plaintiff's amended complaint are properly before the court for a determination.

Defendant asserts three objections to plaintiff's amended complaint. Defendant's first preliminary objection is raised in the nature of a demurrer and contends that plaintiff failed to establish factually the existence of a contract. Defendant requests this court to dismiss plaintiff's amended complaint as legally insufficient.

Pennsylvania Rules of Civil Procedure, Rule 1028(a)(4) allows for preliminary objections based on the legal insufficiency of a pleading. It is well established in Pennsylvania law that a preliminary objection in the nature of a demurrer can be sustained and a complaint dismissed when the complaint is clearly insufficient on its face to establish the pleader's right to relief. *Cooper*

*v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008); *see, e.g., Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986); *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985); *Cianfrani v. State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984).

In testing the legal sufficiency of a complaint, a court may only look to the pleadings itself, and may not consider testimony or other evidence outside of the complaint. *Cooper v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008). However, all well-pled allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia Daily News*, 757 A.2d 938, 941-42 (Pa. Super. 2000). "To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Harkins v. Zamichieli*, 405 A.2d 495, 497 (Pa. Super. 1979), *quoting Schott v. Westinghouse Electric Corporation*, 259 A.2d 443, 445 (Pa. 1969). The sustaining of a demurrer results in the denial of a claim or the dismissal of a suit, and should therefore be sustained only in cases that are clear and free from doubt. *R.W. v. Manzek*, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara*, 746 A.2d 642, 643 (Pa. Super. Ct. 2000).

A breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages. *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269 (Pa. Super. 2002). While every element must be pled specifically, "it is axiomatic

that a contract may be manifest orally, in writing, or as an inference from the acts and conduct of the parties." *Id.* at 1272. However, clarity of the pleadings is "particularly important where an oral contract is alleged." *Pennsylvania Supply, Inc. v. American Ash Recycling Corp. of Pennsylvania*, 895 A.2d 595, 600 (Pa. Super. 2006) (citing *Snaith v. Snaith*, 422 A.2d 1379, 1382 (Pa. Super. 1980). Additionally, the Restatement (Second) of Contracts sets forth the standard for the creation of a contract in an auction setting, and provides in relevant part as follows:

(1) At an auction, unless a contrary intention is manifested,

(a) the auctioneer invites offers from successive bidders which he may accept or reject;

\*\*\*

(2) Unless a contrary intention is manifested, *bids at an auction embody terms made known by advertisement, posting or other publication of which bidders are or should be aware*, as modified by any announcement made by the auctioneer when the goods are put up.

Restatement (Second) Contracts § 28 (emphasis supplied).

Comment "e" to Section 28 of the Restatement (Second) of Contracts provides specific insight to the standard practice employed by auctioneers when goods are placed for auction with specific provisions attached to the invitation for offers. Comment "e" states:

*Published and announced terms.* The terms on which goods are to be sold at auction are often made known in advertisements or catalogues or posted at the place

where the auction is to be held. When the goods are put up, the auctioneer commonly refers to such terms, and sometimes he announces a modification of the published terms. *Ordinarily bidders are or should be aware of terms so published or announced.* A bid need not repeat such terms; it is understood as embodying them. *Hence the bidder is held to the published or announced terms,* even though he may have neglected to read them or may have arrived at the auction after the announcement was made. Theoretically, a bidder could make an offer on terms different from those announced, but bidders seldom or never do so.

Restatement (Second) of Contracts §28, Cmmt. e (emphasis supplied).

In plaintiff's amended complaint, plaintiff avers that on July 30, 2011, plaintiff placed 12,400 "Bike Club Junior" safety devices and 2,880 "Door Club" security devices up for auction. Plaintiff announced prior to accepting bids for the security devices that the successful bidder could not advertise the merchandise as being made and/ or manufactured by Winner. Additionally, as previously stated, the security devices were labeled with a tag saying "No Advertising Permitted." Applying the standard law of contracts pertaining to an auction style transaction, the defendant's bid on the safety locks is considered an offer, which included those terms made known by the auctioneer, here the plaintiff, through announcements or advertisement. Therefore, defendant's offer included plaintiff's restriction on advertising the safety locks with Winner name brand. Plaintiff further avers that it delivered the safety locks to defendant, thus plaintiff accepted defendant's offer. The amended comment indicates that

defendant provided plaintiff with the sums of money promised upon delivery of the safety locks, which the court determines to be adequate consideration. Based on the foregoing averments, the court concludes that plaintiff's amended complaint sets forth sufficient facts to establish the existence of a contract, ie: an offer, acceptance and consideration. Defendant's first preliminary objection is, therefore overruled.

Defendant's second preliminary objection, also raised in the nature of a demurrer, contends that plaintiff's amended complaint fails to establish recoverable damage resulting from the alleged breach of contract. Defendant bases his second preliminary objection on the following premises: that plaintiff's alleged damages were not reasonably foreseeable, and cannot be proved with reasonable certainty; and, that plaintiff is not entitled to consequential damages, as a seller of goods, pursuant to 13 Pa.C.S.A. § 1305.

Defendant correctly argues that in order for damages to be recoverable, the breaching party must have reason to foresee that, as a result of the breach, the loss would be incurred by the non-breaching party. Restatement (Second) Contracts §351 (1). However, a loss may be foreseeable "as a probable result of a breach because it follows from the breach...as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know." Restatement (Second) Contracts, §351(2)(b).

Additionally, Pennsylvania law provides that damages need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages

may consist of probabilities and inferences. *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1256 (Pa.Super. 1983) (citing *E.C. Ernst, Inc. v. Kroppers Co., Inc.*, 626 F.2d 324 (3rd Cir. 1980) *on remand* 520 F.Supp. 830 (W.D. Pa. 1981). A plaintiff need not allege damages with "mathematical precision", he must plead sufficient facts so that the trier of fact can determine an appropriate estimation of damages without speculation. *Id.* at 1257. Plaintiff must only establish his evidence "afford a reasonable basis from which the fact-finder can calculate [his] loss." *Id.*

In reviewing plaintiff's amended complaint, the court determines that plaintiff's amended complaint sets forth sufficient facts to establish that defendant was put on notice of the specific circumstances surrounding the auction of the safety locks. Plaintiff avers that in addition to announcing the specifications prior to commencing the sale, it attached a printed notice on the safety locks which stated "No Advertising Permitted." Furthermore, plaintiff avers that it was contacted by the president of Winner Inc., and informed that Winner would no longer "association with the Plaintiff in consignment auctions of [Winner's] excess inventory." Plaintiff alleges that it had a longstanding business relationship with Winner for over twenty years, and that plaintiff earned approximately $50,000.00 per year from its business relationship with Winner.

With respect to defendant's assertion that the plaintiff is not entitled to consequential damages because plaintiff is a seller of goods; defendant cites *Atlantic Paper Box Co. v. Whitman's Chocolates*, 844 F. Supp. 1038 (E.D.

Pa. 1994) in support of its argument.[1] In *Atlantic Paper Box, Co.*, the plaintiff specialized in manufacturing candy boxes, especially heart shaped boxes typically utilized by a chocolatier for the Valentine's Day session. 844 F. Supp. at 1041-42. Plaintiff and defendant, a chocolate manufacturer, had a short history of business dealings, whereby defendant and plaintiff conversed eighteen months in advance regarding defendant's expected needs for the following Valentine's Day holiday. *Id.* at 1041. In October 1992, plaintiff and defendant discussed the quantity of paper boxes defendant would need for the 1994 session, which ultimately totaled over $500,000.00 worth of heart shaped paper boxes. *Id.* When plaintiff heard rumors that defendant was selling its business and that Russell Stover was a potential buyer, who plaintiff knew manufactured its own chocolate boxes, plaintiff contacted defendant to obtain assurances for its upcoming paper box order. *Id.* Defendant initially assured plaintiff that Russell Stover was not a potential buyer, but later, defendant contacted plaintiff and stated that Russell Stover had, in fact, purchased defendant's company. *Id.* Plaintiff initiated a civil action asserting claims for breach of contract, promissory estoppel and loss of business opportunity. *Id.*

Upon reaching the merits of defendant's motion to dismiss plaintiff's loss of business opportunity claim,

---

1. Plaintiff argues that defendant erroneously cited the *Atlantic Paper Box* case because that case is a federal district court case, which according to plaintiff, is not binding on this court. After a careful review of the *Atlantic Paper Box* case, this court determines that the federal district court was sitting in diversity and applied Pennsylvania law when considering defendant's motion to dismiss. 844 F. Supp. at 1041-42 Therefore, this court finds it appropriate to consider the district court's holding in disposing of defendant's preliminary objections.

wherein plaintiff sought consequential damages, the *Atlantic Paper Box* court defined consequential damages as those which "stem from losses incurred by the non-breaching party in its dealings, often with third parties, which were a proximate result of the breach, and which were reasonably foreseeable by the breaching party at the time of contracting." *Id.* at 1046 (citing *Hadley v. Baxendale*, 9 Ex. 341, 156 Eng.Rep. 145 (1854)). The *Atlantic Paper Box* court determined that the plaintiff, like the plaintiff in the present case, sustained damages that were outside the scope of the buyer-seller transaction, and consequently, those damages could only be awarded if they appeared in the sellers list of remedies. *Id.*

The *Atlantic Paper Box* court determined that pursuant to 13 Pa.C.S.A. § 2702-2710, a seller's remedies are limited to the following: (1) withhold delivery of goods; (2) stop delivery by a bailee; (3) identify goods to the contract notwithstanding breach or salvage unfinished goods; (4) resell and recover the difference between the contract price and the resale price; (5) recover damages for nonacceptance or repudiation, which is measured in terms of either lost profit or lost volume as a result of the canceled sale; (6) seek an action for the price of the goods; (7) cancel the contract; or (8) recover incidental damages defined as "any commercially reasonable charges, expenses or commissions incurred ... resulting from the breach. *Id.*; *See also* 13 Pa.C.S.A. § 2703. Although a *buyer* is entitled to seek consequential damages, the Uniform Commercial Code, which has been adopted in Pennsylvania and applied to all contracts for the sale of goods, *see Feingold v. Win-Vent, Inc.*, 562 A.2d 830, 831 (Pa.Super. 1989), a *seller* of goods is not entitled to seek consequential damages.

*Atlantic Paper Box, supra,* at 1046 (emphasis supplied). Defendant's second preliminary objection is therefore sustained.

Given the court's disposition of defendant's second preliminary objection, as set forth above, the court finds no need to address the merits of defendant's third preliminary objection, wherein defendant challenges the specificity of plaintiff's amended complaint, and references Rules 1019(a) and 1028(a)(3) Pennsylvania Rules of Civil Procedure. Therefore, defendant's third preliminary objection is overruled.

## ORDER OF COURT

And now, this 13th day of May, 2013, with this matter being before the court for a determination on defendant's preliminary objections, with the parties indicating to the court that defendant's preliminary objections may be decided by the court after considering briefs filed on behalf of the respective parties, and with the court considering the briefs submitted, it is hereby ordered and decreed as follows:

1. Defendant's first and third preliminary objections are denied, pursuant to the attached opinion.

2. Defendant's second preliminary objection is sustained, pursuant to the attached opinion, and plaintiff's amended complaint is dismissed.

3. The prothonotary shall properly serve notice of this order of court and attached opinion upon counsel of record for the parties.