J-S24034-22

2022 PA Super 171

| | | |
|---|---|---|
| MATTHEW P. VENEMA AND LIZA A. SQUIRES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 2370 EDA 2021 |
| MOSER BUILDERS, INC., D/B/A MOSER HOMES AND MOSER HOMES, LLC AND MOSER CONSTRUCTION MANAGEMENT, LLC D/B/A MOSER HOMES | : | |
| v. | : | |
| A & L STOLTZFUS MASONRY AND A & M STOLTZFUS MASONRY AND CONNOLLY STUCCO AND PLASTERING AND FAHNESTOCK BUILDERS, INC. AND MCM ROOFING AND JOHN MARTIN D/B/A MCM CONSTRUCTION AND PREFAB FIREPLACE, INC. AND WEATHER SHIELD MFG., INC. A/K/A WEATHER SHIELD MANUFACTURING, INC. AND MCINTYRE CAPRON AND ASSOCIATES, PC | : | |

Appeal from the Order Entered October 20, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2019-08646-TT

BEFORE:  PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    **FILED OCTOBER 4, 2022**

---

[*] Retired Senior Judge assigned to the Superior Court.

Matthew P. Venema and Liza A. Squires (Appellants) seek review of an order of the Court of Common Pleas Chester County (trial court) awarding judgment on the pleadings to Moser Builders, Inc., d/b/a/ Moser Homes and Moser Homes, LLC, and Moser Construction Management, LLC d/b/a Moser Homes (referred to collectively as "Moser"). In 2019, Appellants filed several claims against Moser alleging that the defective construction of their residence had caused them damages. Moser moved for judgment on the pleadings on the ground that Appellants' claims were time-barred by the 12-year Statute of Repose (42 Pa.C.S. § 5536) for actions concerning construction defects. The trial court granted Moser's motion and dismissed Appellants' complaint with prejudice. Appellants now argue that their complaint was timely filed because the Statute of Repose period was tolled by Moser's ongoing repairs to the residence. We affirm.

**I.**

The material facts of this case are undisputed. The subject residence is located at 1725 Chantilly Lane, Chester Springs, Pennsylvania, and it was constructed by Moser in 2003. A certificate of occupancy for the residence was issued on August 13, 2003. The residence was purchased by Appellants from the original third-party owners in October 2004.

Appellants commenced their suit against Moser with a writ of summons on August 26, 2019. On March 10, 2020, Appellants filed their complaint, alleging 13 counts concerning construction defects in the residence.

Moreover, Appellants asserted in the complaint that Moser performed a number of inspections and repairs on the residence from 2004 to 2008. However, according to Appellants, these repairs failed to remedy defects which ultimately resulted in significant water infiltration, causing damages.[1]

Moser filed preliminary objections to the complaint on April 29, 2020, and the trial court overruled in part and sustained in part those objections. As to the remaining counts,[2] Moser filed an answer, new matter and affirmative defenses on August 17, 2020. Of relevance here, Moser contended that Appellants' claimed were barred by the Statute of Repose[3] because over

_____

[1] We have jurisdiction to review the merits of Appellants' appeal, even though a number of third-party builders were named as defendants by both Moser and Appellants, and the claims against those third parties were not explicitly disposed of in the order on review. The order Moser now appeals from, which disposes of Appellants' claims against Moser, is a final order under Pa.R.A.P. 341 that is immediately reviewable because all of the claims against the third-party defendants have either been discontinued or dismissed.

[2] On July 9, 2020, the trial court sustained preliminary objections as to Appellants' claims of breach of express warranty, breach of implied warranty, breach of implied warranty of habitability, negligent misrepresentation, and breach of contract. The trial court overruled preliminary objections as to Appellants' claims of negligence *per se*; a violation of the Unfair Trade Practices and Consumer Protection Law; piercing the corporate veil; and engaging in willful, knowing, intentional and reckless conduct. Those latter claims were later dismissed with prejudice pursuant to the order granting Moser judgment on the pleadings based on the application of the Statute of Repose.

[3] "A statute of repose . . . puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." ***Kornfield v New Werner Holding Co, Inc.***, 241 A.3d 1212, 1220 (Pa.
*(Footnote Continued Next Page)*

- 3 -

12 years had passed from the date that the construction of the residence was completed and Appellants' complaint was filed. ***See*** 42 Pa.C.S. § 5536(a) ("[A] civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction[.]").

On October 19, 2020, Moser filed a motion for judgment on the pleadings, seeking dismissal of all remaining counts in Appellants' complaint. Appellants filed a response, which included an affidavit averring that Moser had made regular repairs to the residence from 2004 until 2008, delaying (for Statute of Repose purposes), the completion of the residence until that latter date and rendering their claims timely filed.

Moser filed a reply to Appellants' response, contending as a matter of law that the completion date of the residence was determined by the certificate of occupancy issued on August 13, 2003. The trial court granted

_____

Super. 2020). Statutes of repose "bar any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury." ***Id.*** (quoting Black's Law Dictionary 1546 (9th ed. 2009)). The time-bar of a Statute of Repose is "not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered." ***Id.*** (quoting 54 C.J.S., Limitations of Actions § 7, p. 24 (2010)). In effect, the repose period creates "a cutoff," or an "absolute . . . bar" on a defendant's liability once the period elapses. ***Id.*** (quoting C.J.S. § 7, at 24) (citation omitted).

Moser's motion for judgment on the pleadings on March 2, 2021. In its order, the trial court reasoned that the construction of the residence was "completed" in 2003, and that Appellants had failed to raise a genuine issue of fact as to that completion date.[4] Appellants appealed, and the trial court submitted a 1925(a) opinion setting forth the reasons why its order should be affirmed. *See* Trial Court Opinion, 12/21/2021, at 1-3.

In their brief, Appellants now raise a single issue for our consideration: "Whether the lower court abused its discretion by granting Appellees Motion for Judgment on the Pleadings and dismissing Appellant's Complaint with prejudice." Appellants' Brief, at 2.

## II.

When reviewing an order granting a motion for judgment on the pleadings, an appellate court must apply the same standard employed by the trial court, confining its consideration to the pleadings and relevant documents. *See Rourke v. Penn. Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa. Super. 2015). All well pleaded statements of fact, admissions and any documents properly attached to the pleadings must be accepted as true. *See id.* "On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the

---

[4] The trial court discounted Appellants' affidavit as to Moser's repairs from 2004 to 2008 because Appellants had not incorporated the affidavit in their pleadings. *See* Trial Court Order, 3/2/21, at 1 n.1.

pleadings which should properly be tried before a jury or by a judge siting without a jury." ***Rubin v. CBS Broadcasting Inc.***, 170 A.3d 560, 564 (Pa. Super. 2017).

Judgment on the pleadings may be proper where a plaintiff's claims are barred by the Statute of Repose, 42 Pa.C.S. § 5536(a). This provision requires that "a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction[.]" 42 Pa.C.S. § 5536(a).

A Statute of Repose is jurisdictional and its scope must be determined by the court as a matter of law. ***See Gilbert v. Synagro Cent., LLC***, 131 A.3d 1, 8 (Pa. 2015). An order granting judgment on the pleadings, based on the Statute of Repose, will be affirmed "when the moving party's right to succeed is certain and the case is so free from doubt that a trial would clearly be a fruitless exercise." ***Columbia Gas of Penn., Inc. v. Carl E. Baker, Inc.***, 667 A.2d 404, 407 (Pa. Super. 1995).

A defendant in a construction defect case has the burden of proving that the Statute of Repose precludes liability. ***See Noll v. Paddock Pool Builders, Inc.***, 643 A.2d 81, 84 (Pa. 1994). In order for the Statute of Repose to bar a plaintiff's claims, three elements must be met:

> (1) what is supplied [by defendant] is an improvement to real property; (2) more than twelve years have elapsed between the

- 6 -

completion of the improvements to the real estate and the injury; and (3) the activity of the moving party must be within the class which is protected by the statute[.]

***McConnaughey v. Building Components, Inc.***, 637 A.2d 1331 (Pa. 1994).

In this appeal, the only issue concerns the second element above – whether more than 12 years elapsed between Moser's completion of Appellants' residence and the date of Appellants' asserted damages. There is no dispute that a certificate of occupancy for the residence was issued in 2003 and that Appellants did not file suit until over 12 years later, in 2019. Appellants have argued that the Statute of Repose period did not begin running until Moser's repairs to the residence were completed in 2008, putting the date of their claims within the 12-year window of the Statute of Repose. However, we find no merit in Appellants' contention that these purported repairs tolled the Statute of Repose and rendered their claims timely filed.

A residential building such as Appellants' residence may not be used or occupied until a certificate of occupancy is issued. The issuance of the certificate hinges on a satisfactory "final inspection" showing that the construction of the residence comports with the governing building codes. ***See*** Pennsylvania Uniform Construction Code, 34 Pa. Code § 403.65(a)-(b) ("A residential building may not be used or occupied without a certificate of occupancy issued by a building code official. A building code official shall issue a certificate of occupancy after receipt of a final inspection report that indicates compliance with the Uniform Construction Code[.]").

There can be no satisfactory result to a final inspection, nor a certificate of occupancy, until construction of the residence is "completed." **See id.** at § 403.64(f) ("A construction code official shall conduct a final inspection of the completed construction work and file a final inspection report that indicates compliance with the Uniform Construction Code."); **see also Umbelina v. Adams**, 34 A.3d 151, 154 (Pa. Super. 2011) ("Upon completion of the home, [building inspector] issued the home's certificate of occupancy, which was an affirmative statement a builder can rely upon that the property meets all the applicable township codes.").

Appellants cite no cases or statutes (and we find none) supporting their contention that Moser's repairs to the residence delayed the completion of the residence's construction or tolled the Statute of Repose period. Rather, our Supreme Court has held that a Statute of Repose "generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." **Dubose v. Quinlan**, 173 A.3d 634, 644–45 (Pa. 2017); **see also Kornfield v New Werner Holding Co, Inc.**, 241 A.3d 1212, 1220 (Pa. Super. 2020) (explaining that a statute of repose period creates a near absolute bar on a defendant's temporal liability which begins on the date on which a claim first accrued).

We have also held that in this context, "completion of the construction of such improvement," marks the "commencement of the repose period at the point when third parties are first exposed to defects in design, planning, or

construction." ***Catanzaro v. Wasco Prod., Inc.***, 489 A.2d 262, 266 (Pa. Super. 1985) (quoting ***Patraka v. Armco Steel Co.***, 495 F. Supp. 1013 (M.D. Pa.1980)).  Accordingly, regardless of any repairs Moser may have done once the residence was legally occupied,[5] the occupants would have been exposed to the alleged defects in 2003, and the Statute of Repose period would have continued to run without interruption from that point on.  Accordingly, the trial court did not err in ruling that Appellants' claims are time-barred by the Statute of Repose, and the order granting judgment on the pleadings to Moser must stand.

Order affirmed.

_____

[5] The trial court did not consider Appellants' affidavit regarding the asserted repairs Moser made on the residence from 2004 to 2008 because Appellants had not attached the affidavit to their complaint, instead submitting it in their opposition to Moser's motion for judgment on the pleadings.  The trial court was, therefore, precluded from considering the affidavit when determining if Appellants had raised a genuine issue of fact as to the completion date of their residence.  ***See Rubin v. CBS Broadcasting Inc.***, 170 A.3d 560, 564 (Pa. Super. 2017).  However, even if the affidavit could have been considered, and assuming Moser made the alleged repairs, it would still not raise a question of fact for the reasons outlined above – there is no dispute that a certificate of occupancy was issued in 2003, and as a matter of law, the Statute of Repose period began running from that date because it marked the point at which the occupants were exposed to the alleged defects described in Appellants' complaint.  ***See Catanzaro***, 489 A.2d at 266.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/4/2022</u>