539 A.2d 360

**Paul D. SCHAFFER**

v.

**LITTON SYSTEMS, INC. and Dorr–Oliver, Inc. Link Belt Co., a Division of FMC Corp., Nazareth Steel Fabricators, a Division of United Industrial Syndicate and Sterns Magnetics, Inc. and Rexnord, Inc. and Harrison Construction Co. and Baldwin Belting, Inc.**

v.

**GOODYEAR TIRE AND RUBBER CO.**

Appeal of DORR–OLIVER, INC., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Feb. 1, 1988.

Reargument Denied April 8, 1988.

Richard A. Kraemer, Philadelphia, for appellant.

Stephen M. Feldman, Philadelphia, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which denied a motion for reconsideration filed by appellant-defendant, Dorr–Oliver, Inc. We must reverse and remand the matter for proceedings not inconsistent with this opinion.

■ At the outset, we must address the jurisdictional issue, which is the subject of appellee's motion to quash. According to appellee, the order which forms the basis of the instant appeal, an order denying leave to amend new matter to plead the defense of a statute of repose, is interlocutory. Appellee states that by allowing an appeal in this case would contravene the policy against piecemeal appeals and protracted litigation. We disagree and must deny appellee's motion to quash for the reasons stated below.

We must apply the following general guidelines regarding the finality of orders:

Our decisions adhere to the principle that discouraging interlocutory appeals furthers the goals of judicial econo-

my. "It is fundamental law in this Commonwealth that an appeal will lie only from final orders unless otherwise expressly permitted by statute." *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). Discouraging interlocutory appeals avoids "piecemeal determinations and the consequent protraction of litigation." *In re Marino['s] Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1970) (*quoting Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954)). As to what constitutes a final order, the Court in *T.C.R. Realty* stated:

> [W]e have looked beyond the technical effect of the adjudication to its practical ramifications. *Bell v. Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975). We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974); *James Banda, Inc. v. Virginia Manor Apartments, Inc.,* 451 Pa. 408, 409, 303 A.2d 925, 926 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant "out of court." *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). In *Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 [1970], we said that an order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court.

*T.C.R. Realty, Inc.,* supra, 472 Pa. at 337, 372 A.2d at 724.

*Stevenson v. General Motors Corp.,* 513 Pa. 411, 417–418, 521 A.2d 413, 417 (1987).

Next, we must examine the statute of repose, which is the subject of appellant's request for leave to amend, and which is set forth in 42 Pa.C.S.A. § 5536. Essentially, this statute eliminates all causes of action arising out of the negligence in construction or design of an improvement to real property which occurred more than twelve (12) years before the accident. Section 5536 reads as follows:

§ 5536.  Construction projects

(a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

(b) Exceptions—

(1) If an injury or wrongful death shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

(2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding.

(c) No extension of limitations.—This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law.

In analyzing Section 5536, our Court has referred to its predecessor statute, the Act of December 22, 1965, P.L. 1183, 12 P.S. § 65.1 et seq., and has commented in the following manner:

The Act of 1965, does not merely bar a litigant's right to a remedy, as a statute of limitations does, but the Act completely abolishes and eliminates the cause of action itself. By eliminating a cause of action, the Act of 1965 is a statute of repose and as such it is properly raised in a Motion for Nonsuit, Directed Verdict, or Judgment N.O.V.

In *First Pool Gas Coal Co. v. Wheeler Coal Co., et al.,* 301 Pa. 485, 152 A. 685 (1930), the supreme court explained the distinction between the statute of limitations in actions personal, and a statute of repose. The court there was referring to the Act of April 22, 1865, P.L. 533, 12 P.S. Section 838, a limitation respecting actions to enforce trusts as to realty. The court went on to explain that such limitation on actions does not have to be pleaded and stated as follows:

> ... this Rule (Pleading a Statute of Limitations), however, refers to the statute of limitations of actions personal, and is inapplicable to the Act of 1865. In the former case, the statute merely applies to the remedy, the claim remains and may be revised by a new promise; while in the latter there is no right of action unless served in accordance with the provisions of the statute ... the Act of 1965 ... is a statute of repose which need not be specifically pleaded.

*Id.,* 301 Pa. at 489, 152 A. at 687.

We find that because the Act of 1965 is a non-waivable statute, abolishing and destroying the cause of action against any person lawfully performing or furnishing the design, planning, supervision or observation of construction or construction of real property improvements, such defense is not waived by the failure to plead the statute as a statute of limitations defense pursuant to Pa.R.C.P. No. 1030.

*Mitchell v. United Elevator Co., Inc.,* 290 Pa.Super. 476, 487, 434 A.2d 1243, 1248–1249 (1981). Accord *Fetterhoff v. Fetterhoff* 354 Pa.Super. 438, 441, 512 A.2d 30, 31 (1986).

Thus, although the theoretical effect of an order involving the statute of repose indicates that a litigant can raise this defense at anytime, our examination of the practical ramifications of the trial court's order in this case, leads us to a different conclusion. At the proceedings below, the trial court concluded that appellant could not amend its answer for the following reasons:

> In the case at bar, this Court is of the opinion that the prejudice to Plaintiff is too great to allow the amendment in that material evidence has been lost since appellant filed its Answer and New Matter, other Defendants have been dismissed by stipulation, most discovery efforts have been directed against appellant, the expert report is directed to appellant and the site of the accident has been sold and the machinery no longer in operation. Accordingly, the Motion to Amend was denied.

Trial Court's Opinion at 2.

Because the trial court ruled that appellant could not raise the statute of repose in its answer, it effectively would be precluded from presenting evidence of the defense at the trial. *Joyce v. Safeguard Mutual Insurance Co.*, 362 Pa.Super. 522, 525, 524 A.2d 1362, 1363 (1987) (The order denying leave to amend to include the statute of limitations defense "... is sufficiently final to allow review, since the refusal to allow appellant an opportunity to present the proposed affirmative defense of the statute of limitations put appellant 'out of court' as to that defense."); *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 24, 218 A.2d 350, 351 (1966) (The order denying leave to amend to include the defense of *res judicata* effectively precluded proof of trial "of what might possibly be a complete defense to the cause sued upon. As to this defense, at least, the order appealed from puts the defendant 'out of court'. It is, therefore, an appealable order.")

Under these circumstances, we also must deny appellee's motion to quash the appeal.

The issues which appellant raises in his appeal concern whether the trial court erred in refusing appellant's request

for leave to amend its answer. More specifically, appellant sets for the following issues: (1) whether the trial court erred as a matter of law in refusing to allow Dorr–Oliver to amend it answer to raise the statute of repose, a non-waivable defense, as an affirmative defense; (2) whether appellee-plaintiff's cause of action was barred from the outset by the statute of repose; (3) whether the alleged prejudice has no significance to appellant's proposed amendment where appellee's claim was barred from the outset by the statute of repose, a non-waivable defense; and, (5) whether the appellant's motion for leave to amend its answer was filed in a timely fashion.

■ In this case, we conclude that an amendment should have been permitted and that the trial court erred in ruling otherwise.

Generally, we recognize that:

> Under Pa.R.C.P. 1033, "A party either by filed consent of the adverse party or by leave of court, may at any time ... amend his pleading." The decision to permit an amendment to pleadings is committed to the sound discretion of the trial judge. That discretion however is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. *Tanner v. Allstate Insurance Co.*, 321 Pa.Super. 132, 137, 467 A.2d 1164, 1167 (1983) (and cases cited therein).

*Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa.Super. 311, 313, 484 A.2d 148, 150 (1984).

Because the statute of repose can be "properly raised in a Motion for Nonsuit, Directed Verdict, or Judgment [,]",[1] the question of whether appellee will be prejudiced by the amendment is collateral to this kind of inquiry into the statute of repose.

The record reveals that on November 24, 1982, plaintiff, Paul Schaffer, filed a complaint in trespass against appel-

---

1. *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. at 487, 434 A.2d at 1249.

lant and defendants, Litton Industrial Systems (later changed to Litton Systems, Inc.), Link Belt Company, Nazareth Steel Fabricators, Rexnord, Inc., Stearns Magnetics, Inc., Harrison Construction Company, and Baldwin Belting, Inc. for physical injuries which he sustained while working as a crusher operator at New Jersey Zinc. According to plaintiff's complaint, the plaintiff was working near the conveyor system and crusher, when his left arm became caught in the conveyor belt and was severed at the elbow. The plaintiff worked at an ore processing system at a mine and each of the defendants allegedly "shipped its product into Pennsylvania specifically for use in the ore processing system at the New Jersey Zinc, Friedensville Mine." Complaint at Allegation No. 27.

Appellant filed an answer on December 28, 1982 and raised as new matter the defenses of contributory negligence, assumption of risk, misuse, and substantial change. Appellant sought to amend its complaint and sought to add the defense of the statute of repose on August 19, 1986 in the following manner:

4. The ore crushing system in question was originally designed and installed at plaintiff's place of employment in the 1940's and 1950's.

5. As such, at the time of filing an Answer, defendant Dorr–Oliver was not in a position to make a clear determination regarding what if any involvement it may have had with the system and the components thereto, as it no longer had any records in its possession.

6. Extensive discovery has taken place to date, which reveals that defendant Dorr–Oliver apparently did not supply any machinery or components for the system in question.

7. If Dorr–Oliver had any involvement at all with the system in question, it was merely in supplying certain engineering drawings or schematics.

8. Defendant Dorr–Oliver seeks at the present time to amend its New Matter to raise the Statute of Repose as a defense.

9. A copy of defendant's proposed Amended Answer and New Matter is attached hereto as Exhibit "C".

10. The evidence adduced reveals that if Dorr–Oliver had any involvement, it was merely in the design or planning of improvements to real property and as such the plaintiff's claim is barred by the twelve year Statute of Repose.

11. Defendant will be severely prejudiced if it is not permitted to amend its Answer and New Matter at this time.

Reply of Defendant, Dorr–Oliver, Inc.

In this case, the trial has not begun and we are convinced that an amendment should be allowed at this time. The remarks which our Supreme Court have articulated in the past are aptly persuasive:

> On the posture of the present record, it is far from clear whether or not the doctrine of res judicata should be applied. Certainly, the question is not so open and shut as to now permit its determination as a matter of law. The facts need enlargement on this facet of the case, and the only manner in which this can be accomplished is to permit the amendment.
>
> *Posternak v. American Casualty Company of Reading*, 421 Pa. at [25], 218 A.2d at 352. (amendment allowed where the defense of res judicata as asserted four years after the complaint was filed.) (footnote added) Accord *Gallo v. Yamaha Motor Corp., U.S.A.*, supra (amendment allowed where the defense was asserted two years after the answer was filed).

Similarly, we are able to say that the question of whether the ore processing system constitutes an improvement to real estate "is not so open and shut as to now permit its determination as a matter of law." Id. See, e.g., *Cantanzaro v. Wasco Products, Inc.*, 339 Pa.Super. 481, 489 A.2d 262 (1986) (a skylight/skydome is an improvement to real estate); *Mitchell v. United Elevator*, supra (an elevator is an improvement to real estate); *Keeler v. Commonwealth*

*Department of Transportation,* 56 Pa.Cmwlth. 236, 424 A.2d 614 (1981) (highway guard rails, lights, signs and directional signals constitute improvements to real property).

The trial court denied the amendment solely on the grounds of the prejudice which appellee has alleged exists on the record. However, our Supreme Court has said that "[t]he fact that the amendment may affect the cause of the adverse party is not, in itself, sufficient reason to deny the amendment." Id. Additionally, the trial court's statement that material evidence has been lost is insufficient to deny appellant's amendment.

We recognize that the right to amend a pleading is to be construed liberally. *Winterhalter v. West Penn Power Co.,* 355 Pa.Super. 17, 512 A.2d 1187 (1986). We have said that the statute of repose defense:

> sets out a much longer period than is set out in a statute of limitation, as for example, twelve years from the date of completion of an improvement to real property, 42 Pa.C.S.A. § 5536, and it strikes a very different balance than is struck by a statute of limitations. Where a statute of limitation controls the time within which a cause of action must be brought, a statute of repose "completely eliminates" the cause of action. *Misitis v. Steel City Piping Co.,* 441 Pa. 339, 343, 272 A.2d 883, 885 (1971).

*Anthony v. Koppers Co., Inc.,* 284 Pa.Super. 81, 108, 425 A.2d 428, 442 (1980).

The very nature of the twelve-year period which the legislature has established under § 5536 is an indication that the statute of repose "strikes a very different balance". Hence, we are unable to conclude as a matter of law that appellant should be barred from asserting and attempting to prove its defense.

We also are not persuaded that *Swank v. Bensalem Township,* 504 Pa. 291, 472 A.2d 1065 (1984) suggests a contrary conclusion. In *Swank,* our Supreme Court held that a township could not be held liable for damages resulting from the negligent design or construction of a highway

which had been adopted as a state highway. The Court in dictum stated the following in a footnote:

> 2. In footnote (1) of its brief, Appellant [the township] addresses the applicability of the twelve-year statute of limitations for alleged deficiencies in the design, planning or supervision of construction of improvements to real property. 42 Pa.C.S.A. § 5536. Because the issue was not raised in the lower court, it has not been preserved for appeal.

*Swank v. Bensalem Township*, 504 Pa. 291, 293, n. 2., 472 A.2d 1065, 1066 n. 2 (1984).

In view of the Supreme Court's holding which established that the township could not be held liable as a matter of law, it is difficult to read anything else into the court's statement in dictum that the township's failure to raise § 5536 at the trial court level rendered that issue waived. However, in any event, *Swank* is inapposite to this case because the appellant did raise the statute of repose issue at the trial level.

Under these circumstances, we must remand for proceedings not inconsistent with this opinion. Motion to quash is denied, and jurisdiction is relinquished.[2]

**2.** Because of the state of the record, we are unable to state as a matter of law that appellant is entitled to prevail on its defense.