587 A.2d 761

**LIBERTY BANK, Appellant,**

**v.**

**Jay S. RUDER, Esquire, Herbert Bass, Esquire and Fox, Rothschild, O'Brien & Frankel.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1991.

Filed March 13, 1991.

Arnold E. Cohen, Philadelphia, for appellant.

Curtis P. Cheyney, III, Ardmore, for appellees.

Before CAVANAUGH, CIRILLO and BROSKY, JJ.

CIRILLO, Judge:

Liberty Savings Bank ("Liberty") appeals the order entered June 11, 1990, in the Court of Common Pleas of Philadelphia County dismissing without prejudice Liberty's legal malpractice action against Jay S. Ruder, Esquire, Herbert Bass, Esquire, and Fox, Rothschild, O'Brien & Frankel (collectively, "Fox"). We reverse.

The procedural history of the case is as follows. On November 30, 1989, Liberty instituted an action against Fox alleging legal malpractice based in tort and breach of contract. Fox filed preliminary objections in the nature of a demurrer, in the nature of a motion for more specific pleading and in the nature of a motion to strike impertinent factual allegations. On June 11, 1990, the Honorable Samuel M. Lehrer entered an order dismissing Liberty's action without prejudice. The order states:

> The action is dismissed without prejudice to Plaintiff's right to reinstate the action without Bar of the Statute of Limitations when all other remedies against the primary debtor have been exhausted and a loss sustained. Such remedies include, inter alia, foreclosure and execution on the unlimited surety of individual guarantors George W. Brown, III and Frank Hart, collection and/or execution on liens on all of the corporation's assets including but not limited to intangibles, accounts receivable, inventory, furniture, fixtures, machinery and equipment.

In its memorandum in support of its order, the trial court held:

> [t]he Court will not rule on the underlying basis of the Complaint that the failure of Defendants to ensure that the proper Touche Ross inventory evaluation was included in the final loan documents does not make out a cause of action. Therefore, Preliminary Objections in the nature of a demurrer will not be sustained at this juncture.

However, Plaintiff's cause of action is premature under the circumstances of this case. A loss has not yet been sustained. To force Defendant to defend now would constitute an expense and hardship that may be unnecessary. The primary legal and moral obligation to pay is on the debtors. To allow this proceeding to continue would discourage or negate that obligation.

Following timely notice of appeal by Liberty the trial court issued an opinion concerning only the finality of its order. Judge Lehrer opined that his June 11, 1990 order was interlocutory in nature and therefore unappealable. Liberty presents two issues for our review:

1) Whether the trial court's order which dismissed Liberty's action is a final and appealable order.

2) Whether the trial court erred in dismissing Liberty's action on the basis that Liberty had not sustained a loss and had not exhausted all other remedies against the primary debtor.

In this Commonwealth, it is axiomatic that "an appeal will lie only from final orders unless otherwise expressly permitted by statute." *Schaffer v. Litton Systems, Inc.,* 372 Pa.Super. 123, 125, 539 A.2d 360, 361 (1988) (*citing T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977)). In determining what constitutes a final order "we must look beyond the technical effect of the adjudication to its practical ramifications." *Urban v. Urban,* 332 Pa.Super. 373, 377–78, 481 A.2d 662, 664 (1984) (*citing Jackson v. Moultrie,* 288 Pa.Super. 252, 255, 431 A.2d 1033, 1034–35 (1981)). *See also Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975); *T.C.R. Realty, supra; Schaffer, supra.* "We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'" *Schaffer,* 372 Pa.Superior Ct. at 125, 539 A.2d at 361 (citations omitted). "Out of court," however, is not synonymous with "final" and is not to be interpreted literally.

*Gordon v. Gordon,* 293 Pa.Super. 491, 499, 439 A.2d 683, 687 (1981), *aff'd,* 498 Pa. 570, 449 A.2d 1378 (1982) (citations omitted). Rather than be bound by a hard and fast rule, we have repeatedly found that "[c]ertain orders which have not put a litigant 'out of court' or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable because the effect of the order has been to preclude the litigant from [presenting her claim]." *Urban,* 332 Pa.Super. at 377–80, 481 A.2d at 664–65 (citations omitted). We find that the order at issue falls within this category.

It is well-settled that an order sustaining preliminary objections and dismissing the complaint is a final and appealable order. *Brandywine Area Joint School Authority v. VanCor, Inc.,* 426 Pa. 448, 233 A.2d 240 (1967); *Free v. Lebowitz,* 463 Pa. 387, 344 A.2d 886 (1975); *Woodward v. Dietrich,* 378 Pa.Super. 111, 548 A.2d 301 (1988). Similarly, an order which dismisses a complaint with prejudice ends the litigation, puts the litigant out of court and is final and therefore appealable. *Alessandro v. State Farm Mutual Automobile Insurance Company,* 487 Pa. 274, 409 A.2d 347 (1979); *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978); *Boden v. Tompkins,* 306 Pa.Super. 494, 452 A.2d 833 (1981). Instantly, we note that the order before us did not sustain Fox's preliminary objections in the nature of a demurrer nor was the complaint dismissed with prejudice. These indices of an interlocutory, and therefore, unappealable order are, however, misleading.

The trial court's order conditions Liberty's action against Fox on Liberty's pursuing "all other remedies" against the "primary debtor." Presumably, if Liberty is wholly successful in this action it will not have a cause of action for legal malpractice against Fox. Liberty, however, insists it has a cause of action against Fox now and that Fox's alleged negligence is independent of Liberty's success or failure to recoup its losses from the primary debtor. We agree. An action for legal malpractice is not derivative; it does not owe its existence to another harm, and is not

dependent upon another legal action.  Black's Law Dictionary 399 (5th ed. 1979).  It is a wholly independent cause of action which either stands or fails based upon the evidence presented at that time.  *See Quick v. Swem,* 390 Pa.Super. 118, 568 A.2d 223 (1989).

Furthermore, postponing Liberty's action against Fox until all other remedies against the primary debtor have been exhausted effectively puts Liberty "out of court" for an indeterminate amount of time.  Liberty is effectively precluded from presenting the merits of its claim, as that claim now exists, to the trial court.  *Cf. Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) ("An order is a 'final order' if it precludes a party from presenting the merits of his claim to the lower court.")  *See also T.C.R. Realty, supra; Urban, supra.*  Simply stated, justice delayed is justice denied.  Judge Lehrer's well intentioned effort to preserve Liberty's action against Fox by dismissing the claims without prejudice and by tolling the statute of limitations does not remedy the injury created by delaying indefinitely Liberty's right to pursue its action against Fox.

Moreover, were we to affirm the trial court's order we would, in effect, be telling all other potential plaintiffs who wish to pursue a legal malpractice action that they should file "prematurely" in order to prevent a later bar because the statute of limitations had run on their claims.  This result is inconsistent · with the purpose of a statute of limitations, which is to limit the amount of time in which a party may file a specific cause of action.  "The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims...."  *Insurance Company of North America v. Carnahan,* 446 Pa. 48, 51, 284 A.2d 728, 729 (1971).  *See also Schultz v. City of Philadelphia,* 314 Pa.Super. 194, 460 A.2d 833 (1983).  For the foregoing reasons we conclude that the trial court's order of June 11, 1990 is final, and therefore appealable.

We next address Liberty's second claim of trial court error.  Judge Lehrer stated in his memorandum in

support of his June 11, 1990 order, "Plaintiff's cause of action is premature ... [a] loss has not yet been sustained." Implicitly, the trial court has effectively sustained Fox's preliminary objection in the nature of a demurrer. Therefore, we address Liberty's second claim by applying the same standard of review to be used when reviewing the grant of a preliminary objection in the nature of a demurrer. In determining whether a preliminary objection in the nature of a demurrer was properly granted,

> we must accept as true all the well-pleaded material facts set forth in the complaint and all reasonable inferences deducible from those facts.... Accepting these facts and inferences, we then determine whether the pleader has failed to state a claim for which relief may be granted, and we will affirm the grant of a demurrer only if there is certainty that no recovery is possible.

*Field v. Philadelphia Electric Company,* 388 Pa.Super. 400, 405, 565 A.2d 1170, 1172 (1989) (citations omitted). We further note that "[p]reliminary objections in the nature of a demurrer should be sustained and the complaint dismissed only in cases that are free from doubt." *Ei Bon Ee Baya Ghananee v. Black,* 350 Pa.Super. 134, 139, 504 A.2d 281, 283 (1986). With this standard in mind, we address Liberty's claim of trial court error.

The essential elements which must be demonstrated to state a cause of action for attorney malpractice are: the employment of the attorney or other basis for duty; the failure of the attorney to exercise ordinary skill and knowledge; and that such negligence was the proximate cause of damage to the plaintiff. *Schenkel v. Monheit,* 266 Pa.Super. 396, 398, 405 A.2d 493, 494 (1979). In applying the professional negligence standard to Liberty's claims of attorney negligence, the trial court concluded that Liberty had not yet sustained a loss. Presumably, the trial court found that Liberty had not sufficiently demonstrated the third element, actual loss, in the nature of damages, as a result of Fox's negligence. *See Duke and Company v. Anderson,* 275 Pa.Super. 65, 418 A.2d 613, 618 (1980). We

disagree. "Damages are speculative only if the uncertainty concerns the *fact* of damages rather than the amount." *Pashak v. Barish,* 303 Pa.Super. 559, 561–62, 450 A.2d 67, 69 (1982) (citations omitted).

Liberty's alleged damages are that but for Fox's negligence Liberty would not have entered into a contract to loan $1,000,000.00 to the debtor who later defaulted. Furthermore, Liberty claims that it has suffered damage because it has been "denied the benefit of its bargain" and will have to bear the costs of pursuing the debtor and guarantors of the loan. Liberty correctly states that a jury should determine the amount of damage which Liberty will be required to prove *at trial. Curran v. Stradley, Ronon, Stevens & Young,* 361 Pa.Super. 17, 25, 521 A.2d 451, 455 (1987) (emphasis added).

Accepting as true all the well-pleaded material facts set forth in Liberty's complaint and all reasonable inferences deducible from those facts, we conclude that Liberty has successfully stated a cause of action which, if proven, would entitle them to relief. *Field, supra; Ei Bon Ee Baya Ghananee, supra.* It is unnecessary for Liberty to prove a specific damage amount at this preliminary stage of the proceedings. *Curran, supra.* Accordingly, we reverse the trial court order dismissing Liberty's action.

Order reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.