J-A20003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSENBAUM AND ASSOCIATES, P.C., JEFFREY ROSENBAUM AND DAVID ROSENBAUM | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : | |
| | : | No. 1604 EDA 2021 |
| RICHARD L. SCHEFF AND ARMSTRONG TEASDALE, LLP | : : : | |

Appeal from the Order Entered July 30, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 201000739

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED OCTOBER 27, 2022**

Rosenbaum and Associates, P.C., Jeffrey Rosenbaum, and David Rosenbaum (Appellants), appeal from the trial court's July 30, 2021 order sustaining Richard L. Scheff's and Armstrong Teasdale, LLP's (Appellees) preliminary objections and dismissing Appellants' complaint without prejudice.[1]  In addition, in the July 30, 2021 order, the trial court dismissed Appellants' motion to consolidate as moot.  After careful review, we affirm.

**Alleged Facts**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Throughout this writing, when we mention only "Rosenbaum," we are referring to Rosenbaum and Associates, P.C.

Because this appeal requires us to review the trial court's order sustaining Appellees' preliminary objections, we focus our attention on Appellants' complaint and the facts alleged therein. According to Appellants' complaint, in September of 2017, Rosenbaum initiated an action in federal court against, *inter alia*, another law firm, Morgan & Morgan, and its principal (referred to herein as the "Morgan Litigation"). *See* Complaint, 3/24/21, at ¶ 7. Following the filing of that action, in January of 2018, David and Jeffrey Rosenbaum met with Maurice Mitts of Mitts Law, LLC, to discuss the possibility of retaining Mitts Law to represent Rosenbaum in the Morgan Litigation. *Id.* at ¶ 8. Later that month, David and Jeffrey Rosenbaum, individually and on behalf of Rosenbaum, and Maurice Mitts on behalf of Mitts Law, executed an **engagement agreement** whereby Mitts Law would assist Rosenbaum with legal representation in connection with the Morgan Litigation. *Id.* at ¶ 9.

Ultimately, the Morgan Litigation was resolved through the signing of a **confidential settlement agreement** in April of 2018, which required that the contents of the settlement remain confidential. Complaint at ¶ 10. The settlement did not entail any monetary payment, but instead involved the formation of a business relationship between Morgan & Morgan and Rosenbaum. *Id.* at ¶ 11. In short, Morgan & Morgan agreed to refer personal injury cases to Rosenbaum, with Rosenbaum paying Morgan & Morgan a referral fee. *Id.*

In June of 2018, a dispute arose between Rosenbaum and Mitts Law as to whether Mitts Law was entitled to an additional contingency fee related to

the settlement of the Morgan Litigation. Complaint at ¶ 12. Specifically, Maurice Mitts called David Rosenbaum, voicing an intent to collect a contingency fee. *Id.* During their conversation, David Rosenbaum reminded Maurice Mitts that — when the topic of the contingency fee had previously been broached — Maurice Mitts said not to worry about it. *Id.* at ¶ 13. In response to this reminder, Maurice Mitts explained that he had not wanted to be an impediment to settlement. *Id.*

Following their phone call, Maurice Mitts sent an email to David Rosenbaum suggesting that Mitts Law was entitled to a contingency fee of $648,000.00 to $1,080,000.00, but that Mitts Law would accept a lump-sum payment of $450,000.00 if Rosenbaum made the payment by the end of the month. Complaint at ¶ 14. David Rosenbaum sent a response, stating that Mitts Law was not entitled to a contingency fee because there was no recovery under the terms of the fee agreement that would be subject to a contingency fee. *Id.* at ¶ 15. In addition, David Rosenbaum's response detailed why Mitts Law's demand was improper and unfair. *Id.*

For further context, the disagreement between Mitts Law and Rosenbaum regarding the contingency fee involved interpretation of their engagement agreement. Complaint at ¶ 16. In particular, the dispute focused upon whether a contingency fee can be collected from the Morgan-Rosenbaum referral relationship, and Mitts Law's obligation to inform Rosenbaum, prior to the resolution of the Morgan Litigation, of its intent to collect a portion of the attorneys' fees earned by Rosenbaum on the Morgan & Morgan referrals. *Id.*

Later, in September of 2018, Scheff — an attorney at Armstrong Teasdale — advised Rosenbaum that he was retained as counsel for Mitts Law in connection with the fee dispute and conveyed that litigation would result if Rosenbaum refused to pay a contingency fee to Mitts Law. *See* Complaint at ¶¶ 4-6, 17. Subsequently, on December 26, 2018, Scheff sent Rosenbaum a letter on behalf of Mitts Law, which enclosed a draft of Mitts Law's complaint against Rosenbaum, warned that the complaint would be filed if the dispute was not settled within two days, and stated that the complaint would disclose the existence and terms of the settlement agreement between Rosenbaum and Morgan & Morgan. *Id.* at ¶ 18. To be exact, Scheff's letter stated, in part:

> To that end, we enclose a draft [c]omplaint for you to review and consider. If this matter is not resolved on or before December 28, 2018, we intend to do the following[:] On December 28, 2018, we will provide notice to the other parties to the settlement agreement of the need to disclose the agreement's existence and terms, as required by paragraph 13 of the settlement agreement. Having given proper notice to those parties, we will then proceed to file the attached [c]omplaint without further notice.

*Id.* at ¶ 19.

On December 31, 2018, Scheff notified Morgan & Morgan's counsel of Mitts Law's intent to file a complaint against Rosenbaum disclosing the settlement agreement. Complaint at ¶ 20. In turn, on January 2, 2019, Morgan & Morgan's counsel sent correspondence to Scheff, warning that a public filing of Mitts Law's complaint against Rosenbaum would breach the

- 4 -

confidentiality clause of the settlement agreement and render it void. *Id.* at ¶ 21.

Thereafter, on January 10, 2019, Rosenbaum asked Scheff to file Mitts Law's complaint against Rosenbaum under seal due to the confidential nature of Rosenbaum's settlement with Morgan & Morgan. Complaint at ¶ 22. On January 13, 2019, Scheff replied to Rosenbaum's request in a text message, stating:

> I did receive your correspondence but we will not agree to file the [c]omplaint under seal. At this point, we will move forward to file our [c]omplaint subject to the statement below. Should you desire not to litigate, we will offer two options. First, you can agree to resolve this dispute by simply paying my client over time, as we discussed, with a periodic payout (quarterly, for example) based on the actual fees received on the cases referred by Morgan & Morgan. Alternatively, we will agree to arbitrate our dispute on the basis that the award will not exceed $750,000 or be lower than $200,000. Let me know your position no later than [close of business] on January 15[,] so we know whether we should move forward with the [c]omplaint. Thank you.

*Id.* at ¶ 23.

Notably, Scheff's text message did not provide any explanation as to why Mitts Law and Scheff refused to file the complaint under seal. Complaint at ¶ 24. Thereafter, Rosenbaum's counsel sent an email to Scheff on January 14, 2019, asking if there was a good faith reason for why they would not file the complaint under seal. *Id.* at ¶ 25. Scheff never responded to this email. *Id.* There was no good faith basis for their refusal to file the complaint under seal. *Id.* at ¶ 26.

On May 10, 2019, Scheff — once again — sent a letter to Rosenbaum, advising of Mitts Law's imminent plans to file suit against Rosenbaum. Complaint at ¶ 27. Since Mitts Law and Scheff refused to file the complaint under seal, despite knowing of the confidential nature of the settlement agreement with Morgan & Morgan and despite receiving a warning from Morgan & Morgan's counsel that the filing would constitute a breach of the settlement agreement and render it void, Rosenbaum was forced to initiate a lawsuit against Mitts Law and Maurice Mitts. *Id.* at ¶¶ 28, 31.

Consequently, on May 20, 2019, Rosenbaum forwarded to Scheff a copy of: (1) the writ of summons filed against Maurice Mitts and Mitts Law; (2) a motion to file the complaint under seal with a copy of the redacted complaint; and (3) an unredacted copy of the complaint. Complaint at ¶¶ 29, 31.[2] On May 31, 2019, Scheff indicated to Rosenbaum that he and the Mitts parties

---

[2] Though not alleged in Appellants' complaint, the trial court explained that, in the Rosenbaum-Mitts action,

> Rosenbaum . . . allege[s] that the Mitts parties breached their fiduciary duty to, as well as their engagement letter with, . . . Rosenbaum . . . by misleading . . . Rosenbaum . . . into believing that the Mitts parties were not seeking any additional payment beyond their hourly fees, and . . . Rosenbaum . . . seek[s] a declaratory judgment that the Mitts parties are not entitled to any additional, contingency fee with respect to the Morgan Litigation.

Trial Ct. Op., 12/14/21, at 2 (some capitalization and footnote omitted). The trial court also noted that the Mitts parties "filed a counterclaim and a joinder complaint against the Rosenbaum parties for breach of contract, unjust enrichment, and an accounting based on the Mitts parties' belief that they are entitled to a contingency fee in connection with the Morgan Litigation." *Id.* (some capitalization omitted).

would oppose Rosenbaum's motion to file the complaint under seal. *Id.* at ¶¶ 30, 31. Nonetheless, the court subsequently entered an order permitting Rosenbaum to file the complaint against Maurice Mitts and Mitts Law under seal, and Rosenbaum's complaint was filed. *Id.* at ¶ 31. The Rosenbaum-Mitts litigation remains pending before the trial court.

**Procedural History of the Case *Sub Judice***

Following the initiation of the Rosenbaum-Mitts litigation, Appellants filed a complaint against Appellees on March 24, 2021, asserting a claim for aiding and abetting a breach of fiduciary duty.[3, 4] Therein, they alleged, *inter alia*, that Maurice Mitts and Mitts Law owed fiduciary duties to Appellants in connection with their representation of Appellants in the Morgan Litigation. Complaint at ¶¶ 33-39. According to Appellants, Appellees — by knowingly and intentionally interfering with Rosenbaum's business relationship with Morgan & Morgan, indicating an intent to disclose the confidential settlement agreement with Morgan & Morgan, and using the threat of disclosure as a means of securing payment from Rosenbaum to Mitts Law — acted in concert with Maurice Mitts and Mitts Law to assist them in breaching their fiduciary duties. *See id.* at ¶¶ 40-67. Appellants claimed that Rosenbaum would not

---

[3] Appellants alleged in their complaint that, during the relevant times, Scheff was acting in the course and scope of his employment with Armstrong Teasdale, and therefore Appellants advanced that the doctrine of *respondeat superior* applied. *See* Complaint at ¶ 6.

[4] Appellants were likewise granted leave to have their complaint and all further filings filed under seal in this matter.

have been forced to file the complaint in the underlying Rosenbaum-Mitts action but for Appellees', Maurice Mitts', and Mitts Law's conspiring to commit such wrongful conduct in an attempt to force Appellants to capitulate to their demands. *Id.* at ¶ 59. As a result of Appellees' wrongful conduct, Appellants claimed that (1) they have had to expend substantial sums of money and effort to protect their business relationship with Morgan & Morgan; (2) their relationship with Morgan & Morgan has been negatively impacted; (3) they have spent significant time and money litigating the underlying Rosenbaum-Mitts action; and (4) they have had to spend money to retain experts in the underlying Rosenbaum-Mitts action. *Id.* at ¶¶ 70-73. Moreover, Appellants sought attorneys' fees and costs related to the instant litigation, as well as punitive damages. *Id.* at ¶ 76.

In addition to those claims, Appellants alleged that Appellees, Maurice Mitts, and Mitts Law also breached a fiduciary duty by submitting an inflated and arbitrary demand for payment from Rosenbaum as a negotiating tactic, and that Appellees knew or recklessly disregarded that demanding compensation from Rosenbaum based upon Rosenbaum's own work, effort, and financial investment was contrary to the law and the language of the Rosenbaum-Mitts engagement agreement. Complaint at ¶¶ 74-75. As a result, Appellants again asked for expenses and attorneys' fees related to the instant litigation, expenses and attorneys' fee related to the Rosenbaum-Mitts litigation, damages related to the interference with Rosenbaum's business relationship with Morgan & Morgan, and punitive damages. *Id.* at ¶ 76.

Shortly after the filing of their complaint, Appellants also filed a motion to consolidate this matter with the Rosenbaum-Mitts litigation. In their motion, Appellants argued, among other things, that the Mitts parties and Scheff were joint tortfeasors and are therefore jointly liable for the damages sustained by Appellants. *See* Appellants' Motion to Consolidate, 4/1/21, at ¶ 29; *see also id.* at ¶ 28 (arguing that Scheff, acting as the agent/attorney of the Mitts parties, made unlawful threats in an effort to extort money from Rosenbaum). Appellees opposed consolidation.

Thereafter, Appellees filed preliminary objections to Appellants' complaint. In their preliminary objections, Appellees argued, *inter alia*, that (1) Appellees did not owe any duty to Appellants; (2) Appellants' claim for aiding and abetting a breach of fiduciary duty is legally and factually insufficient; (3) Appellants' claims are barred because they have not suffered damages; and (4) Appellants' punitive damages claims are legally and factually insufficient. *See generally* Appellees' Preliminary Objections, 4/27/21.

On July 30, 2021, the trial court entered an order, sustaining Appellees' preliminary objections and dismissing Appellants' complaint without prejudice. In its order, the trial court explained:

> Since the alleged, threatened, aiding and abetting [breach] of fiduciary duty has not yet occurred, [Appellants] are not presently able to allege that they sustained damages as a result of [Appellees'] threatened conduct, rather than, or in addition to, the conduct of [Appellees'] clients, who are the defendants in the related action.

Order, 7/30/21, at 1 n.1 (unpaginated). Consequently, the trial court added that, "[i]f additional information revealed in discovery shows that [Appellees] caused [Appellants] to suffer any harm other than that caused by [Appellees'] clients, then [Appellants] may file a new complaint against [Appellees]." *Id.* Additionally, along with sustaining Appellees' preliminary objections and dismissing Appellants' complaint without prejudice, the trial court dismissed Appellants' motion to consolidate as moot.

Appellants subsequently filed a timely notice of appeal. The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and they did not do so. The trial court later issued its Rule 1925(a) opinion, explaining:

> [Appellants] alleged that [Scheff], while representing the Mitts parties, aided and abetted the Mitts parties' alleged breach of their fiduciary duty to their former clients, the Rosenbaum parties, when [Scheff] threatened to file the Mitts parties' claims for a contingency fee as a public document, because Morgan [& Morgan] would allegedly view any such public filing as a breach of the confidentiality provisions of the settlement agreement. However, that threat was not carried out. Instead, the Rosenbaum parties commenced the underlying action before the Mitts parties could file their claims, the Rosenbaum parties obtained court approval to have all claims in the underlying action filed under seal, [Scheff] complied with this court's directive in the underlying action, and [Scheff] filed the Mitts parties' counterclaim and joinder complaint under seal. Therefore, the injury upon which the Rosenbaum parties based this action — that a public revelation by [Scheff] of the settlement agreement's terms would cause Morgan [& Morgan] to view the settlement agreement as void — has not yet, and may never, come to pass.
>
> An actual injury resulting from the abetted fiduciary duty pled in this action is a required element of the Rosenbaum parties' claim for aiding and abetting breach of fiduciary duty. In the July

- 10 -

30th order from which [this] appeal has been taken, th[e trial] court sustained [Appellees'] preliminary objections and dismissed the Rosenbaum parties' complaint against [Appellees] because the Rosenbaum parties are not yet able to allege that they have suffered a legally cognizable injury resulting from [Scheff's] idle threat to file the Mitts parties' counterclaim and joinder complaint publicly.

The Rosenbaum parties' complaint against [Appellees] is really a complaint that the latter engaged in extremely aggressive litigation tactics in the underlying action, which may even rise to the level of a failed extortion attempt. So far, the Rosenbaum parties['] only losses or injuries that were allegedly caused by [Appellees'] actions appear to be the attorneys' fees the Rosenbaum parties are incurring representing themselves in this action and the underlying action. Claims for such fees are better asserted after the underlying litigation is resolved, such as by way of an abuse of process or malicious prosecution claim if the Rosenbaum parties prevail on the claims asserted against them in the counterclaim and joinder complaint.

The Rosenbaum parties' potential claims against Armstrong Teasdale for aiding and abetting breach of fiduciary duty and/or tortious interference with the Morgan [& Morgan] settlement agreement are also better asserted at a later time, but only if Morgan [& Morgan] does not perform under the settlement agreement as a result of the revelations made in connection with the underlying action, and/or yet more litigation ensues to determine whether the settlement agreement has been voided as a result of the underlying action. Since the claims in the underlying action have all been filed under seal, are still being refined, and have not yet been adjudicated, and since Morgan [& Morgan] does not appear to have been relieved of its duties under the settlement agreement by any court of law, it is premature for the Rosenbaum parties to assert claims in this action against its adversaries' counsel for their allegedly excessive conduct in connection with the unresolved[,] underlying action.

Trial Ct. Op. at 3-5 (some capitalization and footnotes omitted).

**Issues**

Appellants raise the following issues for our review:

1. Was it error for the trial court to dismiss [Appellants'] complaint where specific and substantial monetary damages are alleged in the complaint, including the destruction of the Rosenbaum-Morgan settlement and business relationship?

2. Was it error for the trial court to dismiss [Appellants'] complaint since Scheff conspired with his client, Mitts Law. . . , to destroy Rosenbaum's business relationship and settlement agreement with Morgan & Morgan, wherein Mitts [Law] represented Rosenbaum in the prior litigation?

3. Was it error for the trial court to dismiss [Appellants'] complaint where Scheff aided and abetted Mitts Law in breaching fiduciary duties and attempted to extort payment from Rosenbaum, Mitts Law's former client?

4. Was it error for the trial court to dismiss [Appellants'] complaint where Scheff's tortious conduct went far beyond mere representation of a client?

5. Was it error for the trial court to dismiss [Appellants'] complaint based upon the opinion that [Appellants] must wait until the conclusion of the companion case against Mitts Law before advancing this claim for aiding and abetting against [Appellees]?

Appellants' Brief at 3-4 (some capitalization omitted).[5]

## Jurisdiction

As a preliminary matter, we must determine if we have jurisdiction to hear this appeal. *See Forrester v. Hanson*, 901 A.2d 548, 554 (Pa. Super. 2006) ("This Court can raise the issue of jurisdiction *sua sponte*.") (citations omitted). As mentioned *supra*, the trial court dismissed Appellants' complaint **without prejudice**, stating that, "[i]f additional information revealed in discovery shows that [Appellees] caused [Appellants] to suffer any harm other

_____

[5] For ease of disposition, we have re-ordered Appellants' issues.

than that caused by [Appellees'] clients, then [Appellants] may file a new complaint against [Appellees]."  Order at 1 n.1.

"Whether an order is appealable is a jurisdictional question.  An appeal lies only from a final order, unless permitted by rule or statute."  ***Stewart v. Foxworth***, 65 A.3d 468, 470-71 (Pa. Super. 2013) (citations omitted).  Here, Appellants claim that the trial court's July 30, 2021, order is a final order.  ***See*** Appellants' Brief at 1, 2 n.1.  However, an order dismissing a complaint without prejudice is generally considered interlocutory.  ***See Mier v. Stewart***, 683 A.2d 930, 930 (Pa. Super. 1996) ("For finality to occur, the trial court must dismiss with prejudice the complaint in full.").  Notwithstanding, because the trial court did not grant Appellants leave to amend while dismissing their complaint without prejudice, and instead directed that Appellants could only file a new complaint if additional information comes to light, we will consider the trial court's order as final.  ***See Fastuca v. L.W. Molnar & Associates***, 950 A.2d 980, 986 (Pa. Super. 2008) ("[T]o determine whether finality is achieved, we must consider whether the practical ramification of the order will be to dispose of the case, making review appropriate.") (citations and internal quotation marks omitted); ***Liberty Bank v. Ruder***, 587 A.2d 761, 763 (Pa. Super. 1991) ("Rather than be bound by a hard and fast rule, we have repeatedly found that certain orders which have not put a litigant 'out of court' or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable because the effect of the order has been to preclude the litigant from presenting her claim.") (cleaned up);

*West v. West*, 446 A.2d 1342, 1342 (Pa. Super. 1982) ("The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable.") (citations and internal quotation marks omitted). Accordingly, we proceed to the merits of Appellants' claims.

### Standard and Scope of Review

At the core of all of Appellants' issues on appeal is whether the trial court erred in sustaining Appellees' preliminary objections and dismissing Appellants' complaint. We are guided by the following:

> Our standard of review in [an] appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.

*Laret v. Wilson*, 279 A.3d 56, 58 (Pa. Super. 2022) (citation omitted).

### Analysis

In Appellants' first issue, they argue that the trial court erred in dismissing their complaint where specific and substantial monetary damages are alleged in the complaint. *See* Appellants' Brief at 4. Appellants state that their complaint includes specific allegations regarding actual damages caused by Scheff's conduct, including that they were forced to expend substantial

sums of money to protect their business relationship with Morgan & Morgan, that their relationship with Morgan & Morgan was negatively impacted, that they spent significant money litigating the underlying Rosenbaum-Mitts case, and that they were forced to expend substantial money on the retention of experts. *Id.* at 29. Appellants contend that the trial court was wrong to conclude that Scheff did not cause Rosenbaum damages because Rosenbaum's confidential information was not disclosed. *See id.*

*Damages Relating to Morgan & Morgan Relationship*

We first consider the damages relating to Appellants' relationship with Morgan & Morgan that Appellants say they have sustained due to Scheff's conduct. It is well-established that, "[t]o prevail on [a] breach of fiduciary duty claim[], [a plaintiff is] required to prove the following elements: the existence of a fiduciary relationship between [the p]laintiff and [the defendant], that [the defendant] negligently or intentionally failed to act in good faith and solely for [the plaintiff's] benefit, and that [the plaintiff] suffered an injury **caused by** [the defendant's] breach of [its] fiduciary duty." ***Snyder v. Crusader Servicing Corp.***, 231 A.3d 20, 31 (Pa. Super. 2020) (citations and footnote omitted; emphasis added).

Moreover, with respect to Appellants' claim that Appellees aided and abetted Maurice Mitts and Mitts Law in breaching a fiduciary duty, Appellants say that Section 876 of the Restatement (Second) of Torts applies, which states:

**For harm resulting to a third person from the tortious conduct of another**, one is subject to liability if he

(a) does a tortious act in concert with the other or pursuant to a common design with him, or

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876 (emphasis added); *see also Linde v. Linde*, 220 A.3d 1119, 1145 (Pa. Super. 2019) (recognizing a claim for aiding and abetting a breach of fiduciary duty under Section 876); Appellants' Brief at 17 (setting forth Section 876).

While Appellants claim that Scheff's conduct adversely affected Rosenbaum's business relationship with Morgan & Morgan and caused them to spend money to protect this business relationship, Appellants' complaint fails to connect any conduct by Scheff to such damages. In Appellants' complaint, they averred that Morgan & Morgan's counsel warned Scheff that "a public filing of a [c]omplaint by Mitts [Law] against Rose[n]baum would breach the confidentiality of the settlement agreement between Rosenbaum and Morgan[ & Morgan], and render the Morgan settlement void." Complaint at ¶ 21. However, a public filing never occurred. As such, the complaint does not state how Scheff's threat to disclose the confidential settlement agreement negatively impacted Rosenbaum's relationship with Morgan & Morgan and caused Rosenbaum to have to expend money to protect this business

relationship, where the confidential information was never publicly disclosed.[6] Causation is simply lacking between Scheff's conduct and any harm to the Morgan-Rosenbaum relationship.[7] Similarly, to the extent that Appellants allege that Appellees either breached a fiduciary duty — or aided and abetted in the breach of a fiduciary duty — by submitting an inflated and arbitrary demand for payment from Rosenbaum as a negotiating tactic, Appellants do not set forth how that conduct led to damages related to the Morgan-Rosenbaum business relationship either.

Appellants contend that they "did not believe that the Pennsylvania Rules [of Civil Procedure] required them to plead evidentiary matters including the specific mechanics as to how Scheff's improper conduct led to the destruction of the Morgan [& Morgan] relationship and settlement, however, [Appellants do] have substantial facts to support causation." Appellants' Brief at 29-30. Appellants recognize that "[t]hese facts are not in the record as the

_____

[6] **Accord** Appellees' Brief at 14 (noting that the Rosenbaum-Mitts action "remains entirely under seal, the Rosenbaum-Morgan [s]ettlement has never been publicized, and the Rosenbaum-Morgan [s]ettlement has not been voided. No confidential information has been disclosed.").

[7] **Accord** Appellees' Brief at 14 ("In the [c]omplaint, [Appellants] merely alleged that '[their] relationship with Morgan[ & Morgan] has been negatively impacted.' But [Appellants] have not linked the alleged breakdown of the relationship to [Appellees'] conduct and this unspecific allegation fell far short of the pleading requirement.") (citation omitted); **id.** at 15 (observing that Appellants "have not alleged how any conduct by [Appellees] damaged their relationship with Morgan[ & Morgan] — or even that the relationship was damaged — beyond the conclusory allegation.").

[t]rial [c]ourt did not grant [Appellants] the opportunity to amend their complaint. If necessary, [Appellants] respectfully request[] the opportunity to amplify their complaint and provide more details relating to the demise of [the] Rosenbaum-Morgan settlement." *Id.*

Initially, Appellants did not merely fail to plead the "specific mechanics" of how Scheff's conduct led to the destruction of the Morgan-Rosenbaum relationship. Rather, Appellants proffer *no* allegations in their complaint to establish causation. *See* Pa.R.Civ.P. 1019(a) ("The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.").

Further, to the extent Appellants claim that they have substantial facts to support causation and should be given an opportunity to amend their complaint, they do not indicate that they asked the trial court for leave to amend their complaint, and our own review of the record uncovers no such request. *See Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (rejecting the appellant's claim that he should have been granted leave to amend his pleadings where he never requested that the court allow him leave to amend and no case law "requir[es] a court to *sua sponte* order or require a party to amend his pleading"); *d'Happart v. First Commonwealth Bank*, -- A.3d --, 2022 PA Super 132, *26-27 (filed Aug. 5, 2022) (same).[8]

_____

[8] We also note that — although Appellants claim they have substantial facts to support causation that are not in the record, *see* Appellants' Brief at 29-30
*(Footnote Continued Next Page)*

- 18 -

Accordingly, we deem the amendment aspect of Appellants' argument waived, and conclude that Appellants' complaint is legally insufficient with respect to their claim that Appellees' actions damaged Rosenbaum's relationship with Morgan & Morgan.

*Expenses Incurred in the Rosenbaum-Mitts Litigation*

Second, Appellants aver that they have spent significant money on litigating the underlying Rosenbaum-Mitts case and retaining experts. ***See*** Appellants' Brief at 29. Without any elaboration or analysis, they advance that "Pennsylvania [c]ourts have affirmed the right to attorneys' fees and other costs incurred as a result of a breach of fiduciary duty." ***Id.*** at 30, *citing* ***NBN Broad, Inc. v. Sheridan Broad Networks, Inc.***, 2015 WL 1489902 (W.D. Pa. Mar. 31, 2015); ***Airgas, Inc. v. Cravath, Swaine & Moore LLP***, 2010 WL 3046586 (E.D. Pa. Aug. 3, 2010); ***Axcan Scandipharm, Inc. v. Reed Smith, LLP***, 2007 Phila. Ct. Com. Pl. LEXIS 78 (Phila. Cty. Mar. 26, 2007). As such, they seek attorneys' fees and expenses related to the Rosenbaum-Mitts action.

No relief is due. Initially, Appellants have waived their argument that there is a right to attorneys' fees and other costs incurred as a result of a breach of fiduciary duty. It is well-established that:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and

---

— they do not specify in their brief what these facts are, so as to establish that any amendment would not be futile. ***See d'Happart***, ***supra*** at *27 n.25.

> citation of pertinent authorities. This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

> Moreover, mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.

*In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa. Super. 2013) (cleaned up). *See also*

*Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) ("We need not reach the merits of this issue because the argument section of [the a]ppellant's brief merely consists of general statements unsupported by any discussion and analysis of relevant legal authority."); *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.") (citation omitted).

Here, though Appellants cite to three cases, they provide no discussion of them nor explain how their rationales apply to the circumstances of this case.[9, 10] Moreover, the Pennsylvania Supreme Court has "consistently

---

[9] Appellants cite to two federal district court cases and one Court of Common Pleas decision. Although these cases may be considered for their persuasive authority, decisions of federal district courts and Courts of Common Pleas are not binding authority on this Court. *See Huber v. Etkin*, 58 A.3d 772, 778 n.5, 779 n.7 (Pa. Super. 2012).

[10] As Appellees point out, "[n]one of these cases involved a claim for aiding and abetting a breach of fiduciary duty." Appellees' Brief at 19. Further, these cases also did not involve circumstances where two actions were

*(Footnote Continued Next Page)*

reaffirmed" that, under the American Rule, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." **Lavelle v. Koch**, 617 A.2d 319, 323 (Pa. 1992) (citations omitted).[11]  Appellants provide no developed argument as to why the American Rule would not apply here, and we decline to formulate such a theory on their behalf.  **See Commonwealth v. Williams**, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring) ("This Court is neither obliged, nor even particularly equipped, to develop an argument for a party.  To do so places the Court in the conflicting

---

simultaneously being litigated involving purported joint tortfeasors with a principal-agent relationship, as Appellants represent is the situation here.  **See** Appellants' Brief at 43 (arguing that "Mitts Law and Scheff were joint tortfeasors and therefore issues of liability and damages need to be addressed in **one action**" and that "there is in essence **a single claim** when an agency relationship exists") (emphasis added); **see also id.** at 15 ("Since Scheff was acting on behalf of Mitts Law, both parties are liable for damages as joint tortfeasors unless Mitts Law can establish that Scheff was acting beyond the scope of his authority."); **see generally** Appellants' Motion to Consolidate (moving for the consolidation of the actions, which the trial court dismissed as moot given its ruling on Appellees' preliminary objections).  Appellants do not address how the cases they cite apply in such a situation, and we will not craft this analysis for them.

[11] **See also AVCO Corp. v. Turner**, 2022 WL 2901015, at *4 (3d Cir. filed July 22, 2022) (refusing to follow **NBN Broad, Inc.** and **Airgas, Inc.**, cited by Appellants *supra*, and declining to award attorneys' fees and costs to the plaintiff in a breach of fiduciary duty case because "there is no indication that, in a case like this, the Pennsylvania Supreme Court would depart from its faithful adherence to the American Rule").  We recognize that decisions of the federal courts of appeal are also not binding upon us but instead possess a persuasive authority.  **Martin v. Hale Products, Inc.**, 699 A.2d 1283, 1287 (Pa. Super. 1997).

roles of advocate and neutral arbiter. . . . The practice of fashioning arguments for a party is also unfair to the would-be responding party, which will only learn upon receipt of the Opinion that the Court perceived the argument, and thus will have been deprived of an opportunity to respond.").[12] Thus, given Appellants' undeveloped argument, we reject their claim that they have a right to recover attorneys' fees and other costs incurred as a result of a breach of fiduciary duty.[13, 14]

Based on the foregoing, we determine that the trial court did not err in sustaining Appellees' preliminary objections. Though our reasoning differs from that of the trial court, we agree that Appellants' complaint is legally insufficient.[15]

_____

[12] Further, to the extent the three non-binding cases cited by Appellants are supposed to support an "established exception" to the American Rule, we would find them insufficient to do so.

[13] Appellants do not specifically mention recovering the attorneys' fees and costs they have expended in the instant action in their argument. **See** Appellants' Brief at 15, 28-29. However, to the extent Appellants have not waived this issue by failing to raise it on appeal, we would likewise determine that no relief is due on this basis because of their insufficient argument to overcome the American Rule.

[14] Because Appellants have failed to state a claim for which relief may be granted, they are unable to recover punitive damages. **See Judge Technical Services, Inc. v. Clancy**, 813 A.2d 879, 888 (Pa. Super. 2002) ("If no cause of action exists, then no independent action exists for a claim of punitive damage since punitive damages is only an element of damages. To this extent, punitive damages must, by necessity, be related to the injury-producing cause of action.") (citation and emphasis omitted).

[15] Given our disposition, we need not address Appellants' other issues.

Order affirmed.  Jurisdiction relinquished.

Judge Stabile joins this Memorandum.

Judge Pellegrini files a Dissenting Memorandum.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *10/27/2022*