J-S42031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| UNIVERSAL PROTECTIVE PACKAGING, INC., TIMOTHY RITTER AND RODNEY RUMBERGER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEFFREY BILLMAN | : | No. 850 MDA 2024 |
| Appellant | : | |

Appeal from the Order Entered May 17, 2024
In the Court of Common Pleas of Cumberland County
Civil Division at 2023-09043

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED FEBRUARY 27, 2025**

Jeffrey Billman (Appellant) appeals from the order granting the motion for judgment on the pleadings filed by Universal Protective Packaging, Inc. (UPPI), Timothy Ritter, and Rodney Rumberger (collectively, Employer).  We affirm.

*BACKGROUND*

"UPPI is a worldwide developer, manufacturer, and marketer of specialized, custom thermoformed plastic packaging."  Complaint, 10/27/23, at 3.  From 2017 to 2021, Timothy Ritter and Rodney Rumberger were UPPI's shareholders and owners, and Appellant was UPPI's chief financial officer (CFO).  *Id.*  Employer initiated the underlying action against Appellant, who

is represented by counsel on appeal, but appeared *pro se* before the trial court.[1]

The trial court summarized the parties' dispute as follows:

This matter pertains to the employment relationship between [Appellant] and []UPPI[], and [Appellant's] subsequent termination. According to [Employer's] [c]omplaint, [Appellant] was UPPI's [c]hief [f]inancial [o]fficer (CFO) from 2017 to 2021. Upon termination, [Appellant] executed a separation agreement with UPPI. The separation agreement contains a confidentiality clause in which [Appellant] is not to use or disclose any confidential information he may have received when employed with UPPI. The agreement also includes a non-disparagement clause which prohibits [Appellant] from publishing any statement that would "libel, slander, or disparage or expose to hatred, contempt or ridicule" UPPI, its employees, or its reputation.

Following his termination, [Appellant] began accusing UPPI of committing Paycheck Protection Program (PPP) loan fraud. These accusations were made via text, email, and online. In response to [Appellant's] claims, UPPI sent [Appellant] multiple cease and desist letters and an audit from an independent accounting firm confirming that there was no fraud. Despite receiving the cease and desist letters, the audit report, and being reminded of the terms of the separation agreement, [Appellant] continued to spread the accusations.

[Employer] filed a [c]omplaint on October 27, 2023, seeking damages and relief for breach of contract and defamation. [Appellant] filed an untimely answer on December 14, 2023.[2] [Employer] filed their [m]otion for [j]udgment on the [p]leadings

_____

[1] Appellate counsel entered his appearance and began representing Appellant on June 11, 2024.

[2] Employer requested that the trial court strike Appellant's answer because it "not only failed to state material facts or any defenses, but it was also unjustifiably delayed." Motion for Judgment on the Pleadings, 1/18/24, at 3. The trial court did not rule on Employer's request, and discussed Appellant's answer in its opinion. *See* Trial Court Opinion (TCO), 6/27/24, at 7-8.

and an accompanying brief in support on January 18, 2024. The matter was listed for [a] May 17, 2024 argument court date and was to be decided on the briefs unless either party requested oral argument. [Appellant] failed to file a brief. On May 17, 2024, this court granted the [m]otion. [Appellant] timely appealed.

TCO at 1-2 (original footnotes omitted).[3]

The trial court granted judgment on the pleadings based on Appellant's "failure to file a responsive brief pursuant to Cumberland County Rule of Court 1028." Order, 5/17/24, at 1. Alternatively, the court determined that based on the pleadings, Appellant was liable for breach of the separation agreement and defamation.[4] On appeal, Appellant presents two related issues for review:

> 1. Whether the trial court erred and abused its discretion in granting [Employer's] [m]otion [f]or [j]udgment [o]n [t]he [p]leadings where [] Appellant's [a]nswer contained statements specifically denying that there was any breach of the severance agreement and alleging that [*sic*] were issues regarding the PPP loans and his concerns over the issues[?]

> 2. Whether the trial court erred in failing to consider the denials set forth in [Appellant's] [a]nswer in determining that there were no disputed issues of fact in connection with [Employer's] claims for breach of contract and defamation and granting the [m]otion [f]or [j]udgment [o]n [t]he [p]leadings[?]

Appellant's Brief at 4.

---

[3] Although the trial court issued an opinion, it did not order Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).

[4] The court awarded UPPI liquidated damages, attorneys' fees and costs for the breach of contract, and provided Employer 20 days "to file a motion for damages related to [] defamation." ***Id.*** The court also ordered Appellant to cease and desist from communicating and publishing statements about Employer relating to PPP loans, and remove all previous publications regarding Employer's "actions related to PPP loans." ***Id.*** at 2.

On June 28, 2024, Employer filed a motion in this Court seeking to quash the appeal. Employer averred that Appellant "failed to file any response to [Employer's] [m]otion for [j]udgment on the [p]leadings or raise any issue to the trial court." Motion to Quash, 6/28/24, at 3. Employer referred to Pa.R.A.P. 1972, which states that "any party may move ... [t]o dismiss [an appeal] for failure to preserve the question below, or because the right to an appeal has been otherwise waived." *Id.* (quoting Pa.R.A.P. 1972(a)(5)).[5]

Appellant did not file a response. By *per curiam* order, this Court denied the request without prejudice to Employer "to raise this issue in their appellate brief or in a new application that may be filed after the appeal has been assigned to the panel of this Court that will decide the merits of the appeal." Order, 7/19/24. Employer has raised the issue in its appellate brief.

*ANALYSIS*

A. *Issue Preservation*

Employer argues Appellant waived his issues "by failing to respond to [Employer's] [m]otion for [j]udgment on the [p]leadings, thereby preserving no issues for appeal." Employer's Brief at 4. Employer cites Pa.R.A.P. 302(a) (providing issues not raised in the trial court cannot be raised for the first time on appeal), and **Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. Super. 2014)

---

[5] Quashal is usually appropriate when an order is unappealable, the appeal is untimely, or the Court otherwise lacks jurisdiction, whereas dismissal is appropriate when a party fails to conform with the rules of court. **Bronson v. Kerestes**, 40 A.3d 1253, 1255 (Pa. Super. 2012).

("[O]nly claims properly presented in the lower court are preserved for appeal."). *Id.* at 6.

Employer also claims Appellant waived his issues by not addressing the trial court's grant of judgment on the pleadings "based on [Appellant's] failure to comply with local rules, regardless of the merits of the [m]otion." *Id.* Employer states:

> The [t]rial [c]ourt correctly granted [Employer's] [m]otion for [j]udgment on the [p]leadings due to [Appellant's] failure to comply with local rules. [Appellant] was expressly notified by the Prothonotary of the specific provisions at issue and was given 38 days to remedy his non-compliance by filing a response. Despite this, [Appellant] still failed to respond, and the [t]rial [c]ourt may rightly grant [Employer's] [m]otion on this basis alone.

*Id.* at 5.

Appellant does not address waiver in his brief, nor does he dispute that he failed to file an answer to Employer's motion for judgment on the pleadings or adhere to the local rule requiring him to file a brief in advance of argument.

The record confirms that on April 11, 2024, the Cumberland County Prothonotary sent the parties notice of the local rules and a potential argument date. The notice states:

> THIS IS TO NOTIFY YOU THAT CASE NUMBER 2023-09043
>
> Universal Protective Packaging INC, Et Al.
>
> VS.
>
> Jeffrey Billman
>
> HAS BEEN LISTED FOR <u>ARGUMENT COURT</u> ON May 17, 2024

> Cumberland County Argument Court Rules 1028(c), 1034(a) and 1035.2(a) shall be strictly enforced. This matter will be decided on briefs only unless either party files a [p]raecipe requesting oral argument before the panel. Oral argument should only be requested on complex cases or novel legal issues.

Notice, 4/11/24.

Pennsylvania Rule of Civil Procedure 239 provides that "requirements for the promulgation and amendment of local rules of civil procedure are set forth in Pennsylvania Rule of Judicial Administration 103(d)." Pa.R.Civ.P. 239. As to "procedures for the disposition of a motion for judgment on the pleadings," a court "may impose requirements upon a party to … file briefs." Pa.R.Civ.P. 239.6(2)(iv). The Rules of Judicial Administration state:

> No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule. In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule.

Pa.R.J.A. 103(d)(8).

Employer characterizes the April 11, 2024 notice as providing Appellant with "38 days to remedy his non-compliance by filing a response." Employer's Brief at 5. The trial court similarly states:

> [Employer] filed their [m]otion on January 18, 2024, initially placing [Appellant] on notice that [Employer] w[as] seeking this relief. On April 11, 2024, the Prothonotary sent notice to all parties that the [m]otion was being listed for disposition on May 17, 2024. The notice explicitly states that "Cumberland County Argument Court Rules 1028(c), 1034(a), and 1035.2(a) shall be strictly enforced." [Appellant] was sufficiently alerted to the specific provisions at issue and was provided a reasonable time to comply with the local rule. He failed to file a responsive brief, and,

according to Cumberland County Rule 1028(a), relief may be denied on that basis alone.

At the very least, [Appellant's] failure to file a responsive brief resulted in his abandonment of any argument in opposition to [Employer's] motion, and the court sees no abuse of discretion in granting [the] motion based solely o[n] [Appellant's] failure to abide by local rules. Alternatively, the granting of the [m]otion was still appropriate on the merits.

TCO at 4 (footnotes omitted).

We agree that Appellant's procedural missteps may compel waiver. However, the trial court considered Appellant's answer to Employer's complaint, and there is no specific legal authority for finding waiver based on a party's failure to file a response to a motion for judgment of the pleadings. *Cf.* Pa.R.Civ.P. 1035.3(a) (prescribing that when a party files a motion for summary judgment, "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion"). Also, it is "well-established that this Court may affirm on any basis supported by the record." ***Kowall v. United States Steel Corp., Inc***, 325 A.3d 802, 806 (Pa. Super. 2024) (citation omitted). After consideration of the record as a whole, we review Appellant's issues on the merits.

B. *Merits Review*

Pennsylvania Rule of Civil Procedure 1034 provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.Civ.P. 1034(a). On appeal,

> [o]ur standard of review of the trial court's grant of judgment on the pleadings is *de novo* and our scope of review is plenary. Judgment on the pleadings is properly entered where the pleadings and documents admitted in the pleadings establish that there are no disputed issues of fact and [a party] is entitled to judgment as a matter of law….

*Mut. Benefit Ins. Co. v. Koser*, 318 A.3d 937, 940–41 (Pa. Super. 2024) (citation omitted). "Appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial." *Five Star Bank v. Chipego*, 312 A.3d 910, 918 (Pa. Super. 2024) (citations omitted). A motion for judgment on the pleadings "is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him." *Sejpal v. Corson, Mitchell, Tomhave & McKinley, M.D.'S., Inc.*, 665 A.2d 1198, 1199 (Pa. Super. 1995) (citations omitted).

The crux of Appellant's argument is that the trial court erred in granting judgment on the pleadings because his answer to Employer's complaint "set forth specific denials sufficient to establish a material issue of fact." Appellant's Brief at 8. Appellant contends the court erred "in determining that the denials set forth in his handwritten answer to the complaint failed to specifically deny the relevant averments of the [c]omplaint and therefore constitute admissions of the same, namely, the averments supporting [Employer's] claims for breach of the separation agreement and defamation."

*Id.* at 10-11. To the contrary, Employer argues the court properly granted judgment on the pleadings because Appellant's answer failed to deny material facts and contained statements which constituted admissions. Employer's Brief at 9-16. We agree.

The trial court described Appellant's answer as "a one-page, handwritten summary" and "woefully noncompliant with the Rules of Civil Procedure." TCO at 5. His answer states:

> My name is Jeffrey A. Billman[,] plaintiff in this civil case brought against me by Rod Rumberger and Tim Ritter. I am responding to let the court know that I will be representing myself in this matter. I was [the] active CFO and board member at UPPI[.] I signed all the PPP loan applications and forgiveness [*sic*]. I have an obligation to insure the loan proceeds were properly used. I learned after my termination of final determinations regarding what negative financial impact to a company consisted of[,] [*sic*] as well as use of proceeds for owner bonus. UPPI was no longer in compliance with these determinations[,] 100% of owners['] bonus was [*sic*] paid with the loan proceeds and [the] company suffered no negative financial impact. I contacted the owners twice to allow me to revise the loan documents and ask them to return funds. I never got a response. I then filed a complaint with DOJ and OIG agencies. Waiting on conclusions for these complaints. I had an obligation to report this and did so. I believe I have both state and federal whistleblower protections and in no way violated my severance agreement. I believe this case should be dismissed or postponed to find out what the DOJ and OIG results are. If the court decides this should move forward now[,] I need some more time to prepare. There are I believe about 10-15 documents I will need from UPPI, and also time to coordinate 3 professional witnesses.

Answer, 12/14/23. Despite the answer being noncompliant with the Rules of Civil Procedure, the trial court "did not believe that the noncompliance defeated its analysis." TCO at 5-6.

J-S42031-24

The trial court found that Appellant's answer "fails to admit or deny the averments that he disparaged [Employer] and shared confidential information." *Id.* at 6. Rule of Civil Procedure 1029 addresses responsive pleadings as follows:

a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, … shall have the effect of an admission.

Pa.R.Civ.P. 1029.

The trial court observed that "to succeed on a claim for breach of contract, a claimant must show the existence of a contract, a breach of a duty imposed by the contract, and resultant damages." TCO at 5 (citing *Venema v. Moser Builders, Inc.*, 284 A.3d 208, 212 (Pa. Super. 2022)). The court explained:

[Appellant's] [a]nswer fails to admit or deny the averments that he disparaged [Employer] and shared confidential information. Instead, [Appellant], among other things, states that he "in no way violated [his] severance agreement." The failure to specifically deny the facts averred in the [c]omplaint and the general denial that he did not violate the agreement constitute admissions. Based on the pleadings, there was no dispute that UPPI and [Appellant] entered into a contract, that [Appellant] breached the contract, and that the breach resulted in damages to [Employer].

- 10 -

*Id.* at 6 (citation omitted).

The trial court also discussed Employer's burden to prove defamation pursuant to 42 Pa.C.S. § 8343(a) and prevailing case law. *See id.* at 6-8. The court stated:

> [Appellant's] [a]nswer failed to specifically deny [Employer's] averments with regards to the claim for defamation, and thus the averments shall be treated as admitted. [Employer] met [its] burden in proving defamation.
>
> ***
>
> [Appellant] fails to properly aver that his statements were truthful — *i.e.*, that [Employer] committed fraud and stole money. [Appellant's] [a]nswer also fails to properly aver that his statements were privileged. The closest he comes is claiming that he has whistleblower protection, however, he fails to explain why whistleblower protections would apply to the statements he made. Rather, his claims of whistleblower protection appear to be more geared towards the lawsuit at hand and not to the defamatory statements. Simply put, [Appellant's] [a]nswer fails to allege any facts to sustain his burden.
>
> There is no material dispute of fact at hand. By failing to specifically deny [Employer's] claims, [Appellant] has admitted to defaming [Employer]. [Appellant] has failed to properly raise any defense to the defamation claims.

*Id.* at 7-8 (citation omitted).

Notwithstanding Appellant's procedural missteps, the trial court determined Appellant "failed to properly deny the factual averments of [Employer's] [c]omplaint." *Id.* at 8 (citing Pa.R.Civ.P. 1029). Because there was no dispute of material fact, the court concluded Employer proved its claims of breach of contract and defamation. *Id.* Upon review, we agree that nothing in Appellant's answer contradicts Employer's "pleadings and

documents admitted in the pleadings." **Mut. Benefit Ins. Co.**, 318 A.3d at 940.[6] The record supports the grant of Employer's motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/27/2025

---

[6] This Court is "willing to construe liberally materials filed by a *pro se* litigant," but a person who represents himself, "must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (citations omitted).